No. 13,934.

## RAPP v. REEHLING ET AL.

PARTITION.—*Appointment of Receiver.*—*Notice of Application.*—*Jurisdiction.*—Where one defendant in a partition proceeding is served with notice of an application for the appointment of a receiver, she can not complain because other defendants were not served, the court, as to her, having jurisdiction to make the appointment.

SAME.—*Receiver.*—*Discretion of Court.*—In such proceeding the appointment of a receiver is discretionary with the judge, and the appointment can not be objected to on the grounds that the executor, who was collecting the rents, was amply responsible, defendants offering to indemnify the plaintiffs against any loss by reason of the same being collected by such executor; to take charge of the real estate and collect the rents free of charge; and to give bond to the plaintiffs indemnifying them against loss, and for the faithful accounting to them for their share at the final determination of the action.

From the Allen Circuit Court.

*S. R. Alden,* for appellant.

*P. B. Colerick* and *W. G. Colerick,* for appellees.

OLDS, J.—The appellees, Sophia Reehling, Charles F. Rapp and Frederick Holzer, filed their complaint in the Allen Circuit Court against Rosina Rapp, Catherine Fisher, "and the children of Frederick Rapp, now living, whose names are unknown," for the partition of certain real estate, averring ownership of the same as follows: One-fourth in the plaintiffs, one-half in the appellant, Rosina Rapp, and one-eighth in Catharine Fisher, and one-eighth in the children of Frederick Rapp, now living. A summons was issued in the cause, and served upon the appellant in June, 1886. Afterwards, in July, 1887, an application was filed with the clerk of said court in vacation, for the appointment of a receiver, and notice of such application was served on the appellant, notifying the appellant that the plaintiff would move the judge at his

chambers for the appointment of a receiver; no notice was given to any of the other defendants.

The real estate in question had been owned by Christian G. Rapp, deceased, the late husband of the appellant, and the application for the appointment of a receiver showed that Casper Rau, the executor of the last will of said Christian G. Rapp, deceased, had been collecting and receiving the rents. Rau was not made a party to the application for the appointment of a receiver. The appellant appeared to the application to appoint a receiver, but the other defendants were not served with notice, nor did they appear.

It is first contended that the court had no jurisdiction to appoint a receiver, by reason of the fact that the defendants to the action, other than the appellant, were not served with notice, and that Rau, who had been collecting the rents, was not a party. The appellant was served with notice, and as to whether the other defendants were served with notice or not, or whether Rau was a party, were matters in which she had no interest, and she could not take advantage of them. The appellant was served with notice, and could take such steps as would protect her interest.

The fact that the court had no jurisdiction of the other defendants, or other parties, or erred as to them, is not a matter that can be taken advantage of by the appellant. The court had jurisdiction as to her, and she was properly served with notice of the proceedings, and the judgment as to her is binding. *Cool* v. *Peters Box, etc., Co.*, 87 Ind. 531; *Pattison* v. *Smith*, 93 Ind. 447.

The court, or judge thereof in vacation, is authorized by section 1222, R. S. 1881, to appoint a receiver in actions for partition of real estate, and the showing in this case authorized the appointment of the receiver. It is a matter for the court, or judge, appointing the receiver to determine who shall be appointed, and the court properly exercised such authority in this case. The appointment is objected to on the grounds that the executor, who was collecting the rents,

was amply responsible, and appellants offered to indemnify the plaintiffs against any loss by reason of the same being collected by such executor ; and appellant offered to take charge of the real estate and collect the rents free of charge, and give bonds, with surety, to the plaintiffs, indemnifying them against loss, and for the faithful accounting to · them for their share at the final determination of the action. The plaintiffs declined the offer, and the court refused to allow them to do so. In this there was no error. The plaintiffs having the right to have a receiver appointed could not be deprived of such right on either of these grounds. It was for the court, or the judge hearing the application, to determine who should act as receiver.

Various other objections are urged to the appointment, all of which we have considered, and we find no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Dec. 10, 1889; petition for a rehearing overruled Feb. 20, 1890.