## HODGIN ET AL. *v.* HODGIN ET AL.

[No. 21,628.   Filed February 2, 1911.]

1. RECEIVERS.—*Petition for.*—*Motion to Dismiss.*—*Overruling of.*—*Appeal.*—The overruling of a motion to dismiss a petition for the appointment of a receiver does not constitute reversible error. p. 160.

2. RECEIVERS.— *Partition.*— *Tenants in Common.*— *Exclusion of Some by Others.*—Where one tenant in common excludes his cotenant, refuses to pay rent, fails to make repairs or to pay taxes, and is wholly insolvent, a receiver may be appointed. pp. 160, 161.

3. RECEIVERS.—*Notice.*—*Appearance.*—*Appeal.*—On appeal from an interlocutory order appointing a receiver, an appellant has no just cause to complain of want of a proper notice of the suit, where he entered a full appearance thereto. p. 160.

4. APPEAL.—*Record.*—*Correction.*—The record on appeal imports absolute verity; and if it is not true the remedy is a motion in the trial court to correct it. p. 160.

5. ACTION.—*Consolidation.*—*Partition.*—*Receivers.*—*Foreclosure.* — It is discretionary with the trial court to consolidate a suit for foreclosure with one for partition and for a receiver, when the same land and the same parties are involved. p. 160.

From Superior Court of Marion County (80,235); *James M. Leathers*, Judge.

Suit by Josie Hodgin against Leonard A. Hodgin and others. From an interlocutory order appointing a receiver, Leonard A. Hodgin and certain others appeal. *Affirmed.*

*Charles B. Clarke* and *Walter C. Clarke*, for appellants.
*Doan & Orbison*, for appellees.

MORRIS, J.—This is an appeal from an interlocutory order appointing a receiver.

Appellant Leonard A. Hodgin and appellee Josie Hodgin, then his wife, in March, 1908, executed a mortgage on a house and lot, owned by them as tenants by the entirety, to appellee Plymouth Saving and Loan Association No. 2, to secure a note for $600. In December, 1909, a divorce was decreed to Josie Hodgin, and on the next day appellant Leonard A. Hodgin married his coappellant Alta B. Hodgin. After the divorce the mortgaged property was rented, and the rents applied on the mortgage debt, until a few months before the commencement of this suit, when appellant Leonard A. Hodgin and his present wife moved into the property, and have since occupied it, to the exclusion of appellee Josie Hodgin.

Appellant Leonard A. Hodgin is insolvent, and owns no property except the undivided half of the mortgaged lot, and personal property of the value of $25. On demand, he refused to permit Josie Hodgin to occupy the real estate, or to pay her any rent while he occupied it. The rental value of the property is $12 a month. The roof on the cottage located on the lot, leaks, and the house is in need of repairs. The property is worth $800. The amount due on the mortgage is over $500. Appellee Henry Moews holds a judgment against Leonard A. Hodgin for $165. In February, 1910, appellee Plymouth Saving and Loan Association No. 2 commenced a suit in the Superior Court of Marion County to foreclose its mortgage, and made Leonard A. Hodgin, his present wife Alta B. Hodgin, his former wife Josie Hodgin, and Henry Moews defendants. In its complaint said plaintiff prayed for the appointment of a receiver to collect the rents of the real estate, pending the suit. On hearing of this application for a receiver, the court declined to grant the prayer of said plaintiff, but indicated at the hearing, as shown by the record, that a receiver would be appointed on the proper

application of defendant Josie Hodgin, and thereupon she filed her petition, in which she prayed for the appointment of a receiver. This occurred on February 18, 1910. On February 21, 1910, a suit pending in said court, wherein Josie Hodgin was plaintiff and Leonard A. Hodgin, Alta B. Hodgin, said loan association and Henry Moews were defendants, for partition of the same real estate, was, by order of the court, consolidated with this suit, and on the same day Josie Hodgin filed her amended, verified petition for the appointment of a receiver, in which she alleged, among other things, that she had paid $100 on the principal of the mortgage debt, and paid the accruing interest; that Leonard A. Hodgin was occupying the property, and excluding her therefrom; that he had let taxes and assessments against the real estate become delinquent, had refused to account to her for rental for her undivided half of the property, and failed to make necessary repairs to the property. To this petition defendants entered a special appearance, and filed a motion to dismiss the amended petition for a receiver. This motion was overruled.

The record then recites that appellants were present in court, "and the court upon its own motion suggests that if said defendants Leonard A. Hodgin and Alta B. Hodgin desire further time to procure evidence to resist said amended petition for a receiver, said court would grant time to said defendants for said purpose; that upon said statement by said court said defendants Leonard A. Hodgin and Alta B. Hodgin, by and through their said attorneys, Clarke & Clarke, stated in open court that they were as ready now to resist said petition as they would be later, and had as much evidence as they desired in resisting said petition in court now. Whereupon said petition came on for hearing," etc. The court, after the hearing, granted the petition, and appointed a receiver to collect the rents and profits of the real estate, and care therefor, pending the litigation. Appellants filed

a motion to modify the interlocutory order, but the court did not pass on the motion. The first assignment of error by appellants challenges the action of the court in overruling the motion to dismiss the petition for a receiver. This ruling does not constitute error warranting a reversal. *Butt* v. *Iffert* (1909), 171 Ind. 554, and cases cited.

Appellants next assign as error the action of the court in appointing a receiver. By reason of the facts, heretofore set out in this opinion, the court did not err. Where one tenant in common excludes his cotenant from possession, refuses to pay rent, lets the property go without repair, fails to pay taxes and assessments when due, and is wholly insolvent, a receiver may be appointed, pending the determination of a suit for partition and an accounting for rents. *Peden* v. *Cavins* (1893), 134 Ind. 494, 39 Am. St. 276; *Rapp* v. *Reehling* (1890), 122 Ind. 255; *Edwards* v. *Dykeman* (1884), 95 Ind. 509; *Heinze* v. *Kleinschmidt* (1901), 25 Mont. 89, 63 Pac. 927; High, Receivers (4th ed.) §§604, 607; 2 Story, Eq. Jurisp. §833; *Varnum* v. *Leek* (1885), 65 Iowa 751; Freeman, Partition §327; Knapp, Partition 241.

The third assignment is that the court erred in making the interlocutory order, there having been no notice served on appellants. The record does not disclose the issuance or service of notice, but it affirmatively shows that appellants appeared to the petition. Appellants vigorously assail the record in this particular, and assert that it does not speak the truth. On appeal, the record imports absolute verity. If not correct, appellants remedy was by motion in the court below to correct it. *Ferris* v. *State* (1901), 156 Ind. 224, and cases cited.

The next contention is that the court erred in consolidating this cause with the partition suit brought by Josie Hodgin. The parties were the same in both suits, and in each the litigation involved the same real

estate.    The suits originally were pending in different rooms of the same court.    By the consolidation a multiplicity of suits was avoided.    The action of the court was not prejudicial to appellants.

The last contention is that the petition of Josie Hodgin for the appointment of a receiver is insufficient.    A brief statement of the principal allegations of the petition has been set out in this opinion.    The petition is sufficient.    While there are some technical irregularities disclosed by the record, they are not such as would warrant a reversal of the interlocutory order.    Judgment affirmed.