H. C. KORF, Appellee, v. CLAUDE A. HOWERTON et al., Appellants.

**APPEAL AND ERROR:** Harmless Error—Dismissal of Codefendant.
1   Where the appellant was not entitled to recover, in an action to redeem land from a foreclosure sale, any error in dismissing a party who was made such merely in aid of an auxiliary accounting was harmless.

**VENUE:** Rights of Nonresident Third Party. In an action to redeem from a foreclosure sale, wherein a third party, who was a
2   nonresident of the county, was brought into an auxiliary accounting, where it appeared that plaintiff was not entitled to redeem, such third party had a right to demand that he be dismissed as a party, on the ground that the action for accounting was purely a personal suit, and that he had a right to have it tried in the county of his residence.

**MORTGAGES:** Foreclosure and Redemption—Appeal from Foreclosure Judgment. The right to redemption of land sold under
3   a mortgage foreclosure is, under Sec. 4045, Code, 1897, cut off by an appeal from the foreclosure judgment.

**MORTGAGES:** Foreclosure and Redemption—Presumption of Regularity of Sale. A recital in a sheriff's deed that the sale was
4   made in accordance with the order of the court, and in pursuance of the statute in such case made and provided, in a case where it is claimed that the sale should have been made without right of redemption, did not show that it was made subject to right of redemption within a year, as there would be a presumption in favor of the regularity of official conduct, and such recital tended to establish that the sale was, in all respects, regular.

**MORTGAGES:** Foreclosure and Redemption—Premature Issuance of Deed. The premature issuance of a sheriff's deed, before the expiration of time of redemption, is a mere irregularity, and does not invalidate the sale or deprive the judgment debtor of the right to redeem, and the title remains in him until the expiration of the time allowed for redemption. Secs. 4044, 4045, Code, 1897.

*Appeal from Monroe District Court.*—D. M. ANDERSON, Judge.

OCTOBER 23, 1919.

REHEARING DENIED JANUARY 20, 1920.

THE main suit involves whether the defendants are now entitled to redeem from a foreclosure sale, under which plaintiff claims title. In course of this suit, appellee Chester Sloanaker was made a defendant in cross-petition and on his motion the allegations impleading him were stricken. Defendants appeal.—*Affirmed.*

*Liston McMillan,* for appellants.

*D. W. Bates* and *Morgan & Korf,* for appellees.

SALINGER, J.—I. The plaintiff alleges that he owns the lands in dispute in fee simple, and he rests his claim of title on a sheriff's deed, which was the culmination of the foreclosure of a mortgage by the Newton Savings Bank. He asked and obtained a writ of possession and judgment for damages. This petition was met by the defendants Claude A. Howerton and Cynthia A. Howerton with a claim that the foreclosure sale is void. The prayer for affirmative relief is that redemption be now allowed, in time and on terms fixed by the court. In a cross-bill, to which Chester Sloanaker was made a defendant, it is asserted that defendants are entitled to an accounting between themselves and Sloanaker; that such accounting is a proper auxiliary to their demand for permission to redeem; and that upon the result

of such accounting will depend the amount the defendants must raise in order to make redemption. In other words, defendants claim that the plaintiff may rightfully be affected by the result of the said accounting, and that, therefore, Sloanaker should be retained in court, so that all matters between the parties may be adjusted in this one suit, including the source and amount of the redemption money. Sloanaker does not live in the county where the suit is pending. A motion to strike the allegations that impleaded said Sloanaker, and to strike them because the demand for an accounting was purely a personal action was sustained, and this appeal is from that ruling.

II. Confessedly, Sloanaker was brought into the case because deemed a necessary party to a confessedly auxiliary accounting. In other words, appellants concede that Sloanaker was rightly eliminated from the cause if the accounting prayed was an attempt to get independent relief. They concede the main issue was who had the title to real estate lying in Monroe County, and base their contention that Sloanaker should have been retained as a party on the claim that the accounting prayed was auxiliary to a suit necessarily brought in Monroe County, and that, therefore, he should have been retained, though he was not a resident of that county. Appellants argue that this appeal is from nothing but the elimination of Sloanaker on motion asserting that he was a nonresident of Monroe County, and therefore we have no concern with whether the appellants have the right to recover in the main suit. We cannot concur in this position. True, the appeal does not involve, as an independent proposition, whether appellants are entitled to redeem. None the less, the question may become controlling. For, if appellants cannot prevail in the main suit, as matter of law,—are not entitled to redeem,—then any error in dismissing a party who is made such merely in aid of an

1. APPEAL AND ERROR: harmless error: dismissal of codefendant.

accounting which is auxiliary to the main suit is necessarily harmless error. If the appellants must fail in the main suit, it is foredoomed that they must fail in the auxiliary. A suit which cannot be maintained of necessity carries down its incidentals. And if no relief can be had in the auxiliary accounting, it necessarily follows that it is immaterial what disposition was made of the parties to such an accounting. If, then, the appellants are not entitled to redeem, then, on their appeal from the dismissal of a party to the auxiliary accounting, such accounting must be treated as a purely personal suit. As to such suit, the nonresident had the right to demand that he be eliminated. He had a right to have that accounting tried in the county of his residence.

2. VENUE: rights of nonresident third party.

On analysis, it appears the appellants concede that the fate of their appeal does depend upon whether they can prevail in the main suit. They concede "that the ground of the motion to strike would be good, were it not for the fact that appellants' counterclaim and cross-petition are based on their alleged right of redemption in the land in Monroe County, and an accounting auxiliary to the redemption, said accounting being necessary to redeem." Again:

"The action is bottomed on the redemption and an accounting auxiliary thereto of an open account owned by Sloanaker."

Again, appellant concedes that:

"If this court should, on its own motion, look into the counterclaim and cross-petition, and find that no cause of action is stated against Korf, or, if there is one alleged, that the cause of action against Sloanaker is not germane to the action against Korf, it might be justified in sustaining the motion to strike on the ground of nonresidence."

III. We therefore turn to the standing of the main suit. The appellants assert, in cross-petition, that they own the

land in question by deed from one Van Maren. Van Maren recovered a judgment on October 13, 1910, upon which execution issued on October 25, 1910; sale was had and execution satisfied thereby on November 30, 1910; and deed by the sheriff to Van Maren was executed on December 1, 1911. The Van Maren title was extinguished by the foreclosure proceedings on the mortgage of the Newton Savings Bank, unless the sale by the bank is invalid; for the bank foreclosure rests on a mortgage executed on May 27, 1910. On decree of foreclosure on April 18, 1913, and on execution issued on July 7th of that year, on July 16th the then owners, including Cynthia Howerton, appealed from the decree of foreclosure. There was no supersession, and the sale proceeded, notwithstanding the appeal, and was had on August 9, 1913. On February 10, 1914, there was an affirmance on said appeal. On May 22, 1914, the sheriff's deed upon which this plaintiff relies was executed, his claim of right being based on quitclaim deed to him, made by the grantee in the sheriff's deed, on October 2, 1915. The cross-petition of these appellants, in which they seek a right to redeem, was filed on November 13, 1917, or more than three years after the said sheriff's sale. We cannot find that appellants made any effort to redeem from the sale, except in said cross-petition. Now, if this be all, certainly the appellants are not entitled to redeem. The right of redemption was cut off by the said appeal from the foreclosure judgment on the Newton bank mortgage. Section 4045, Code, 1897. We need give the claim of the appellee that the judgment on the first appeal worked an abatement, or constitutes an adjudication, no consideration. Without reference to that, the fact that the present appellants took said other appeal from said foreclosure judgment absolutely terminated the right to redeem, if a valid sale created something to redeem from. But see *Van Vleck v. Anderson,*

<div style="margin-left:2em">

**3. MORTGAGES:** foreclosure and redemption: appeal from foreclosure judgment.

</div>

136 Iowa 366; *Guinn v. Elliott,* 123 Iowa 179.   Without reference to abatement or adjudication, said appeal, no matter how it was determined, ended the right of redemption. That right is a statute right, and the statute terminates it if appeal be taken.   *Dobbins v. Lusch, etc., Co.,* 53 Iowa 304; *Lombard v. Gregory,* 90 Iowa 682.

In any event, if appeal had not terminated the right to redeem, redemption could be made only within one year from the date of the valid sale.   Code Section 4045.   No redemption was made or attempted within

**4. MORTGAGES:** foreclosure and redemption: presumption of regularity of sale.

that period.   If, then, the suit to redeem has any standing, it must be because the sale was invalid; and the appellants so charge. They allege two irregularities, and thereupon charge that the sale of August 9, 1913, was illegal and void, "and beyond the jurisdiction of the sheriff," because the sheriff made the same subject to a year's redemption. The argument is that, an appeal having been taken, the sale was absolute and without redemption; and that, on absolute sale, a better price would have been obtained.   Without conceding that a sale would be void where it should have been absolute, and was, instead, on a year's redemption, we can find no evidence that the sale was with such redemption.   In the abstract, the return of the sale is dealt with by the mere statement that the sale was on August 9, 1913, and that the bid was $3,958.05.   The sheriff's deed recites that the sale was made in accord with the order of court, "and in pursuance of the statute in such case made and provided."   The deed says nothing on the subject of selling subject to redemption—and this is all the evidence that the sale was on redemption.   If appellants are right in saying that the lawful method was a sale absolute, then the presumption in favor of the regularity of official conduct, and the further presumption for the recital that sale was

made in pursuance of the statute, tend to establish, not that the sale was void, but that it was in all respects regular.

But it is further complained that, while selling subject to redemption might not have been harmful ordinarily, it was made harmful because the sheriff, before the year of redemption had expired, executed sheriff's deed; that this formed a cloud on the title, and made it impossible to raise the redemption money out of the land. The fact that the sheriff's deed was executed before the year of redemption gives color to what we have already said about the nature of the sale. It tends to support the theory that the sale was not made subject to redemption; for, if it had been, the deed would not have been issued as soon as it was.

We do not overlook a statement by appellant that "the certificate of foreclosure sale is by its terms subject to a year's redemption," but can find no evidence of it.

Having disposed of whether the premature issue of the deed is evidence that the sale was an absolute one, we have next to consider it on the allegation that the sale was thereby made void. We have held to the contrary, and ruled, in *Olmstead v. Kellogg*, 47 Iowa 460, that the fact that a deed was given immediately after the sale, instead of a certificate of sale, was a mere irregularity, which did not deprive the judgment debtor of the right to redeem, and did not invalidate the sale.

5. MORTGAGES: foreclosure and redemption: premature issuance of deed.

The premature issuance of the deed did not work the fraud alleged, and did not deprive the debtor of any substantial right; for, notwithstanding its prematurity, the title remained in the debtor. Any abstracter who would pass a loan with nothing but the sale and the certificate of redemption extant, would pass the title for the same loan, despite a clearly unauthorized premature deed. See *Conner v. Long*, 63 Iowa 295, and Sections 3101, 3102, of the Code of 1873.

The sale is not void.   The former appeal terminated all right to redeem from it.   If that were not so, the time to redeem expired on August 9, 1914.   No attempt to redeem was made until in 1917.   And, as the accounting is solely in aid of the attempted redemption, the venue as to Sloanaker was in Jasper County.   Wherefore, we may not reverse because the court declined to compel him to try it in Monroe County.—*Affirmed.*

LADD, C. J., EVANS, and PRESTON, JJ., concur.