H. C. KORF, Appellee, v. W. R. HOWERTON et al., Appellants.

**RECEIVERS:** Appointment—Action to Quiet Title. A receiver to take possession of real estate and protect the same pending an action to quiet title to the land may be proper. So held on a showing of an apparently perfect title in plaintiff and of a manifest disposition on the part of defendant to defy the former adjudications of the .courts.     .

**Headnote 1:** 34 Cyc. p. 57.

*Appeal from Monroe District Court.*—F. M. HUNTER, Judge.

,, OCTOBER 20, 1925.

REHEARING DENIED FEBRUARY 19, 1926.

SUIT in equity to quiet title and to recover immediate possession of a farm. Plaintiff also prayed for the appointment of a receiver to care for the growing crops upon such farm. A preliminary hearing was had upon the application for a receiver. Upon the hearing of such application, the defendants specially appeared and objected to the jurisdiction of the court to appoint a receiver. They also denied all the allegations of the petition.

Upon full hearing of the evidence presented by the plaintiff, the court appointed a receiver. From such order the defendants have appealed.—*Affirmed.*

*David S. David, John F. Abegglen,* and *Price & Hickenlooper,* for appellants.

*Korf & Korf* and *Bates & Dashiell,* for appellee.

EVANS, J.—Appellants' abstract discloses the name of but one defendant, W. R. Howerton, though it indicates the existence of other defendants. Because of prior adjudication, the defendant W. R. Howerton has no standing herein whatever. That he has no interest in the title and has no right of possession of the property has been fully adjudicated hitherto. We gather from the argument of appellee that the other defendants are four in number, are all "Howerton" by name, and are all members of the family of W. R. Howerton. As against two of these, adjudication has heretofore been had. The claim of appellee in argument is that the adjudications heretofore obtained by him have been flouted by the principal defendant, through the pretended shifting of possession from one member of the family to another, successively. The litigation with the principal defendant has been in progress for many years. Two appeals have been prosecuted by him to this court, each of which was decided adversely to him. *Newton Sav. Bank v. Howerton,* 163 Iowa 677; *Korf v. Howerton,* 188 Iowa 120.

Disregarding, for the moment, the failure of the abstract to disclose the names of the real appellants in interest against whom no decree has heretofore been entered, we proceed to consider the ground of complaint.

The points stressed by counsel for the appellants are that the plaintiff had an adequate remedy at law; that his action was essentially a law action, and that, therefore, the court had no power to appoint a receiver, and if it had power, that it erred in the exercise thereof.

The application of the plaintiff for a receiver was predicated upon Section 12713, Code of 1924, as follows:

"On the petition of either party to a civil action or pro-

ceeding, wherein he shows that he has a probable right to, or interest in, any property which is the subject of the controversy, and that such property, or its rents or profits, are in danger of being lost or materially injured or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court, or, in vacation, the judge thereof, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action, and may order and coerce the delivery of it to him."

The foregoing clearly conferred power upon the court to make the appointment. An examination of the record satisfies us that the power was exercised by the court discreetly. Though the plaintiff obtained a decree several years ago as against the principal defendant, W. R. Howerton, which fully adjudicated the rights of this appellee as the owner of the property in fee simple, yet this defendant has persistently maintained possession of the farm, under the cover of successive names of members of his family. Such state of facts has its proper influence upon the discretion of the court.

At the hearing, the plaintiff put in evidence his chain of title, which disclosed the litigation referred to. The plaintiff thereby disclosed a perfect record title in himself. Surely the trial court was justified, therefore, in finding, under the statute, that the plaintiff "has a probable right to or interest in" the property described in the petition.

We think the order complained of was properly made, and it is affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.