H. C. KORF, Appellee, v. W. R. HOWERTON et al., Appellants.

MARCH 6, 1928.

*David S. David, Thomas Hickenlooper,* and *John F. Abegglen,* for appellants.

*Korf & Korf* and *Bates & Dashiell,* for appellee.

FAVILLE, J.—This case is like Banquo's ghost,—it "will not down." In 1910, W. R. Howerton and his wife owned the land in question, and gave a mortgage thereon to a bank at Newton. In 1911, action was commenced for the foreclosure of said mortgage. Defense was interposed, and a decree of foreclosure was finally entered in March, 1913. From this decree an appeal was taken to this court, which resulted in an affirmance in 1914. *Newton Sav. Bank v. Howerton,* 163 Iowa 677. In due time, a petition for rehearing was filed in said cause, which was overruled. The property having been sold at sheriff's sale, the appellee, Korf, acquired title thereto by sheriff's deed, in May, 1914. Thereafter, a second action was brought, in which certain of the appellants herein claimed that the foreclosure sale was

void, and prayed affirmative relief in the nature of a right to "equitable redemption." This relief was denied, and an appeal was taken to this court, wherein the decree of the trial court was affirmed. *Korf v. Howerton,* 188 Iowa 120. Rehearing was likewise sought in this case, which was denied. Later, a subsequent action was brought for possession of said real estate and to quiet title thereto and to collect rentals. The appointment of a receiver was prayed. The issue as to the appointment of the receiver was tried separately, and by order of court a receiver was appointed. From this order an appeal was taken, and the order of the trial court was affirmed. *Korf v. Howerton,* 201 Iowa 428. With due consistency, appellants filed a petition for rehearing, which was denied. Ultimately, the main case was reached for trial, pursuant to a previous assignment. Shortly before the time set for trial, each of the appellants filed answer. The appellants Esther Howerton, W. P. Howerton, Maude Howerton, Myrtle R. Howerton, W. R. Howerton, and Carl Howerton filed answers denying and disclaiming any right, title, or interest in and to the premises in controversy. The answer of Claude A. Howerton denied the allegations of the appellee's petition, and as a further defense alleged that he had paid the taxes on the premises since the year 1919, and the same had not been repaid to him, and that he had been in open and continuous possession of said premises under color of title and claim of right for a period of more than five years, during which time he had made valuable and permanent improvements on said premises, with the knowledge of the appellee. He further alleged that he had brought his action to establish his claim for said improvements and the taxes in the district court of Monroe County, Iowa, and denied that, until said matters had been determined, the appellee had any right to an order of removal. The prayer of his answer was that the petition be dismissed. A reply was filed to the said separate answer of Claude, in which the appellee alleged that the claims of the said appellant Claude had been fully adjudicated in the former action, and denied that the said Claude had paid any taxes or made any improvements on said premises in good faith, and alleged that he had at all times had full knowledge of and was bound by the former decree entered against him, and that his acts in occupying the said premises had been willful and in defiance and violation of the previous

order of court. With issues thus tendered, the cause proceeded to trial, and a decree was entered quieting title in the appellee as against all of the appellants, and taxing the costs of said trial to all of said appellants.

I. The appellants, except Claude A. Howerton, contend that the court erred in taxing them with any of the costs in said action, because of the fact that they each filed a disclaimer of any interest in said premises. The court found that each of said defendants had appeared in said cause, and had originally admitted that they were in' possession of said real estate under and by virtue of a claim of ownership, and that they had resisted the appointment of a receiver, and had all joined in the appeal from such appointment to this court, and that the appellee was now entitled to an injunction against each of said defendants, as prayed. In view of the entire record, we do not think the court erred in taxing the costs to all of the defendants, including those who filed a disclaimer after the other proceedings had taken place. Section 12288, Code of 1924, is as follows:

"If the defendant appears and disclaims all right and title adverse to the plaintiff, he shall recover his costs. In all other cases the costs shall be in the discretion of the court."

The appellants, as stated, did not appear and disclaim the title originally, but, on the contrary, asserted title, and resisted the appointment of a receiver, and prosecuted an appeal; and it was only after all of said proceedings had been had, and the main case came on for trial, that the disclaimers were filed. The appellee sought against said appellants, not only to quiet his title, but to enjoin the appellants from interfering with his possession, which the appellants, in the original answer in said cause, had asserted they were entitled to. Under the entire record, the disclaimer of the appellants was too late to absolve them from the liability for costs, and the court did not err in this part of the decree.

II. Appellant Claude' contends that the court erred in entering the decree in behalf of appellee, because of his contention that, at the time of the trial, there was a pending suit in

 which he was claiming that he was an occupying claimant of said premises. The only evidence offered by the appellant Claude with regard to the pending action was the original notice in said action, and the admission of record "that there is a case pending in this court on the law side of the docket, being Law No. 11897, entitled Claude A. Howerton v. H. C. Korf, filed herein May 7, 1926." This was not sufficient to comply with Chapter 440 of the Code of 1924. The court by its decree quieted the title to the premises in the appellee, and granted an injunction restraining the appellants from interfering with his said possession or asserting title to said premises. The appellee was entitled to the relief awarded by the trial court, and the decree must be, and is in all respects,—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.