## Hydro Electric Engineering Corporation *v.* Bonifield, Receiver, et al.

[No. 14,076.   Filed December 10, 1931.]

*Frank C. Olive,* for appellant.

*Ewbank & Dowden, Donald L. Smith* and *R. P. Bundy,* for appellees.

NEAL, J.—The appellees have moved to dismiss this appeal. The record presents the following: March 22, 1926, on complaint by Charles Hurst, a receiver was appointed for the Atwood and Burkett Electric Company, the owner of property and assets consisting of transformers, poles, cross-arms, wires, etc.; on the same day, the court ordered all creditors to file their claims with the receiver on or before May 21, 1926, notice to be given by three publications; June 29, 1927, the receiver filed petition to appraise the property and sell at private sale, for not less than two-thirds of the appraised value thereof, the property of the Atwood and Burkett Electric Company; on the same day, the receiver reported sale to appellee Hurst for $7,000, the full appraised value of the property, which report was approved; the order of court reading in part "and any liens now existing against the property shall be transferred to the funds now in the hands of the receiver, all of which acts on the part of the receiver are hereby approved by the court"; March 29, 1928, the court allowed claims Nos. 2 to 11, inclusive, and No. 15, and disallowed claims Nos. 1, 12, 13, and 14; November 12, 1928, the receiver was ordered to pay a first dividend of 33 1/3 per cent on all claims allowed; January 30, 1930, the receiver filed motion to amend and correct the court's order of June 29, 1927, approving the sale to appellee Hurst by eliminating therefrom the words, "and any liens now existing against the property shall be transferred to the funds"; February 5, 1930, the court, after hearing evidence and argument of coun-

sel, made a finding to the effect that the order, decree and judgment heretofore made that the property was sold free and clear of liens was the correct order and decree of the court, and that the record should not be amended as prayed for by the receiver; February 15, 1930, appellant filed a $4,100 claim based on 41 bonds of the Atwood and Burkett Electric Company, such bonds being payable to bearer and secured by a mortgage executed to the Fletcher Savings and Trust Company as trustee, which claim was allowed by the court, subject to the rights of the Varney Electric Company, which company held the bonds as collateral to secure a debt of appellant; February 18, 1930, the Hydro-Electric Company filed its verified intervening petition, alleging that, in the court order of June 29, 1927, confirming the sale of receivership assets to appellee Hurst, the phrase "any liens now existing against the property shall be transferred to the fund" is void and of no effect; the prayer of the petition was as follows: "That the court enter its order herein deleting or otherwise striking out or modifying the above described entry and order confirming sale by striking out the words 'and any liens now existing against the property shall be transferred to the funds now in the hands of receiver'; that the court find and enter its order herein to the effect that the receiver sold the assets of said defendant corporation as he found them with respect to liens and subject thereto"; to the last-named petition, appellees Hurst and Southeastern Indiana Power Company filed verified objections; appellant filed a demurrer and a motion to strike out the verified objections, each of which was overruled by the court; on February 19, 1930, a hearing was had upon the intervening petition of appellant and the objections filed thereto and the court entered and made a finding that said intervening petition and prayer thereof should be denied and the protest and objections

thereto sustained, and entered judgment accordingly; on February 20, 1930, the receiver, in person and by attorney, and numerous other creditors by their several attorneys, including appellant, were in court, and the court heard evidence on each and all of the claims of the creditors of the Atwood and Burkett Electric Company, including the claims of the above-named creditors of said company, which were heretofore, on March 29, 1928, disallowed by the receiver; the court made a finding as to each and all of the claims presented by the receiver, including the claim of appellant, decreed their priority and rendered judgment accordingly; an exception to the order and judgment of the court was taken by the Hydro Electric Engineering Company.

Appellant has attempted a vacation appeal, and for his assignment of errors says: (1) The court erred in approving the receiver's report of sale to Everett M. Hurst, and attempting to transfer the lien of this appellant, who was not a party to the action; (2) in attempting to allow claims and disallow claims when no claims were on file; (3) in overruling appellant's demurrer to the protest and objections of Everett M. Hurst and Southeastern Indiana Power Company; (4) in overruling appellant's motion to strike out the protest and objections of Everett M. Hurst and Southeastern Indiana Power Company; (5) error in sustaining the protest and objections of Everett M. Hurst and Southeastern Indiana Power Company to appellant's intervening petition; and (6) error in its order of February 20, 1930, in attempting to allow claims without regard to appellant's superior lien to the other claims allowed.

Appellant, by his assignment of error No. 1, attempts to attack the court's approval of the receiver's report of sale of June 29, 1927. This is not an appeal predicated on objections to the receiver's final report. This is a vacation appeal, but no notice was served

upon the clerk or appellee until March 20, 1930, long after the approval of the report of sale which assignment of error No. 1 attacks. It necessarily follows that this assignment of error is unavailing to appellant.

Assignment of error No. 2 presents no question for this court's consideration. Assignments of error Nos. 3, 4 and 5 attempt to present for our consideration the several steps taken in a proceeding whereby the appellant sought to have the court vacate a part of its order entered June 29, 1927, by striking out the words "and any liens now existing against the property shall be transferred to the funds now in the hands of the receiver." The court entered judgment in the following language: "It is therefore ordered, adjudged and decreed by the court that said protest and objections of Everett M. Hurst and the Southeastern Indiana Power Company to said intervening petition and the prayer thereof should be and the same are hereby sustained and said intervening petition and the prayer thereof should be and the same are hereby denied." Appellant neither made objection nor reserved any exception to this ruling of the court. In the absence of such objection and exception, no question is presented for the consideration of this court.

Appellant's intervening petition was nothing more than a petition to correct the record. Such a petition is not governed by the strict rules of pleading. *Gray* v. *Robinson* (1883), 90 Ind. 527, 531, 532; *Ferris* v. *State* (1901), 156 Ind. 224, 59 N. E. 475; *Hodgin* v. *Hodgin* (1911), 175 Ind. 157, 160, 93 N. E. 849; Elliott, Appellate Procedure §210; Ewbank, Manual of Practice (2nd ed.) §214. It is elementary that an exception in the particular instance must be taken to the action of the lower court in refusing to amend and correct the record as prayed for by appellant

before error can be predicated thereon. *Fletcher* v. *Waring* (1894), 137 Ind. 159, 36 N. E. 896.

The alleged errors in overruling appellant's demurrer to the protest and objections of Everett M. Hurst and Southeastern Indiana Power Company and the refusal of the court to strike out the protest and objections, in this kind of proceeding, can present no error. *Gray* v. *Robinson, supra; Wabash R. Co.* v. *City of Gary* (1921), 191 Ind. 394, 132 N. E. 737.

Assignment of error No. 6, viz., "error in its order of February 20, 1930, *in attempting* to allow claims without regard to appellant's superior lien to the other claims allowed," is certainly very indefinite and ambiguous and perhaps should be disregarded without further comment. (Our italics.)   The court heard evidence and made an order allowing many claims.   Appellant's claim, with many others, was allowed as a preferred claim.   We have no bill of exceptions before us containing the evidence heard by the court at the times of the allowances of the several claims and fixing their respective priorities.   When we examine appellant's brief, we cannot ascertain what claims were allowed as preferred, if any, which should not have been; or in what manner appellant was harmed by the allowance of its claim as a preferred claim.

Appellant filed its claim in the receivership proceedings; the court took action thereon and approved the same, and, by so doing, appellant fully submitted itself to the jurisdiction of the court. *Totten & Hogg Iron, etc., Co.* v. *Muncie Nail Co.* (1897), 148 Ind. 372, 47 N. E. 703; *Myers* v. *Gibson* (1899), 152 Ind. 500, 53 N. E. 646.

Appellees earnestly contend that the appeal should be dismissed:   (1) Because all of the various orders of which appellant complains are interlocutory; (2) that

the several claimants whose claims have been allowed as preferred are not made parties to this attempted appeal and no notice has been served upon them. It may be that appellee is correct in each of its conclusions. Appellant, however, has attempted to perfect this appeal as if the several orders complained of were final and jurisdiction was in this court. In view of our conclusion in the instant case that the judgment of the lower court must be affirmed, we do not enter into a discussion of appellees' second objection.

Judgment affirmed.