STANLEY *v.* GIESEKING ET AL.

[No. 28,755. Filed April 10, 1952. Rehearing denied June 19, 1952.]

*Mountz & Mountz,* of Garrett; *Leo Rumbaugh,* of Albion; *Barrett, Barrett & McNagny, Otto Grant, Sr.* and *J. A. Bruggeman,* all of Fort Wayne, for appellant.

*Hogg, Leonard & Peters; C. A. Lincoln* and *James P. Murphy,* all of Fort Wayne, for appellees.

EMMERT, J.—This is an appeal from an interlocutory order appointing a receiver pending an action pleaded in a cross-complaint to quiet title to certain real estate in Noble County. The cross-complaint in rhetorical paragraph 3 alleged that "These defendants allege and say that said Rallin P. Stanley [appellant] has moved onto said real estate and is now residing thereon; that he is in possession of said land, is claiming ownership thereof and is attempting to rent the same and to collect the rents thereof; that he is materially injuring said real estate and is causing irreparable damage thereto; that said acts of said Stanley and his possession of said real estate are without right and unlawful and that he continues to unlawfully withhold said premises from the owners named herein; that a receiver is necessary to conserve the value of said real estate and to prevent irreparable loss and injury to the parties hereto." The prayer of the cross-complaint asked that title be quieted and that a receiver be appointed pending the action. A hearing was had on the issue of appointment of a receiver pending the action, and the trial court appointed a receiver as prayed.

The evidence at the hearing for the appointment of a receiver pendente lite disclosed that the plaintiff and certain other defendants to the complaint were the collateral heirs at law of Emma R. Stanley who owned the record fee simple title to the real estate involved at the time of her death. She was married to Perry J. Stanley, the father of Rallin P. Stanley, at the time she and her said husband, Perry J. Stanley, died in an automobile collision with a truck on a public highway in Indiana on the 3rd day of June, 1947. The evidence showed that

the collision caused death in a common disaster, and that deaths were simultaneous.

Emma R. Stanley died testate, and a copy of her will as probated was introduced in evidence. She named her husband, Perry J. Stanley, as executor, and by Item I directed him to pay her debts and funeral expenses and place a marker at her grave. Item II of the will provided as follows:

"Subject to the provisions of Item I herein, I hereby give, devise and bequeath all of the property of which I may die the owner, whether, real, personal or mixed, and wherever found, to my husband, Perry J. Stanley, absolutely and in fee simple. This provision is made upon this condition, that the said Perry J. Stanley shall survive me."

No letters of administration with will annexed were ever issued, but Orlo Werker was appointed administrator of the estates of Emma R. Stanley, deceased, and Perry J. Stanley, deceased, and the estates were still pending at the time of the hearing. Orlo Werker took charge of the farm for three years and had it rented for 1950.

Under §1 of the Uniform Simultaneous Death Act (Ch. 49 of the 1941 Acts, §6-2356, Burns' 1933 [1951 Supp.]), as well as the uncontradicted evidence in this case, the husband did not survive the wife, Emma R. Stanley, so title to the real estate never vested in him, and therefore appellant as his son has no title to the real estate.[1]

---

[1] "Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as provided otherwise in this act." Section 6-2356, Burns' 1933 (1951 Supp.), Acts 1941, ch. 49, §1, p. 132.

Emma R. Stanley died leaving no children or issue by any deceased child. The cross-complainants proved a sufficient interest in the real estate to enable them to maintain an action for appointment of a receiver pending the action. This court has held that the appointment of a receiver may be proper in a complaint for partition of real estate. *Rapp* v. *Reehling* (1889), 122 Ind. 255, 23 N. E. 68; *Hodgin* v. *Hodgin* (1911), 175 Ind. 157, 93 N. E. 849. Pending an action for ejectment a receiver may also be appointed if the equities justify. *Bitting* v. *Ten Eyck* (1882), 85 Ind. 357. Appellant has been in possession of the real estate without any color of legal title or right of possession since May 26, 1950. The record here discloses he is only a trespasser. Appellant admitted he sold hay off of the farm and that he rented fields out and had some corn planted. The administrator testified the farm has been farmed heavily; that 800 bales of hay had been taken off the farm and 400 or 500 bushels of corn. Appellant never made any accounting to anyone.

We can see no reason why the appointment of a receiver pending an action to quiet title is not proper under the facts in this record pursuant to clause three of §3-2601, Burns' 1946 Replacement, which authorizes the appointment of a receiver, "In all actions when it is shown that the property, fund, or rents and profits in controversy is in danger of being lost, removed or materially injured." See *Korf* v. *Howerton* (1925), 201 Iowa 428, 205 N. W. 323. 1 Clark, Receivers, (2d Ed.), §170, p. 201.

Appellant has cited no authority to support his contention that the trial court erred in ruling on the admissibility of evidence, and therefore under Rule 2-17(e) and (f) such errors, if any, are waived.

The interlocutory order appointing a receiver is affirmed.

NOTE.—Reported in 105 N. E. 2d 171.