## WHEELER *v.* CITY OF INDIANAPOLIS.

[Nos. 25,945 & 26,067.   Filed March 29, 1933.   Rehearing denied June 7, 1933.]

*Ralph K. Lowder, Sol H. Esarey* and *E. F. Branch,* for appellant.

*Edward H. Knight, James E. Deery* and *Herbert M. Spencer,* for appellee.

FANSLER, J.—These two cases, consolidated under No. 25,945 for briefing, are identical and present the same question, and we will treat them here as one case.

In 1921, appellee's board of public works adopted a resolution and let a contract for the construction of a sewer located partly inside and partly outside the city of Indianapolis, under the provision of the Act of 1909, ch. 93, which is §10721, Burns 1926.   The project was fully completed and accepted by the appellee's board of public works in 1922.   Appellant's land in question was

assessed as benefited, said land lying outside the city of Indianapolis. At the proper time, the appellee's board of public works certified the proceedings to the Circuit Court of Marion County, as in the above statute provided, and the Circuit Court appointed a board of assessors to assess benefits and damages.

Appellant filed her "appeal" from the final assessment to the Marion Circuit Court, setting out fourteen objections or reasons why the assessment against her property was unlawful and excessive.

The regular judge of the Marion Circuit Court disqualified himself and the Honorable John M. Leathers was appointed as special judge. The appellant filed an affidavit for a change of venue from said judge, which application for a change was denied, and an original action was begun in this court asking a writ of prohibition against the said judge restraining him from further sitting in said case. *State of Indiana, ex rel. Wheeler* v. *Leathers* (1925), 197 Ind. 97, 149 N. E. 900.

The only question involved in the decision of the above cause was whether the ruling on the motion for a change involved judicial discretion. All other matters in the opinion were discussed *arguendo* to illustrate the character of the question presented by the motion for a change, and, thus, are not to be considered as the law of the case.

After a trial on the merits and judgment against appellant, the cause came to this court again on appeal. The only question decided on this appeal was that the court erred in overruling the motion for a change of venue from the county. The court held that, although a drainage proceeding is statutory, it is, nevertheless, in its nature a civil action and the civil code applies to supply omissions in the special act. *Wheeler* v. *City of Indianapolis* (1929), 201 Ind. 415, 166 N. E. 433, 175 N. E. 15.

When the cause was remanded it was venued, upon appellant's motion, to the Morgan Circuit Court. In the latter court, the appellant filed her motion to dismiss the action for the reason that the Act of 1909, upon which the drainage proceeding is based, had been repealed and was no longer in force. The motion was overruled.

The appellee filed its motion to dismiss appellant's "appeal" for the reason that her pleading was not verified, which motion was sustained and the "appeal" dismissed.

Appellant's exceptions to these rulings present the only questions for decision.

Upon the first question, appellant contends that, since the Act of 1909, under which the sewer in question was established, was repealed by the Act of 1927 (Acts 1927, p. 540), the former statute is wiped out as though it never existed. We take it that it is appellant's position that, because of said repeal, the assessment against her lands is no longer effective. Appellee contends that the repeal of the drainage statute did not destroy the lien of the assessment upon appellant's property, but that, since there was no saving clause, it wiped out appellant's right to appeal from the decision of the board of assessors. Appellee's contention is based upon the theory that appellant's "appeal" to the Circuit Court is a remedy granted under the statute and that this remedy is lost for want of a saving clause in the repeal legislation. We cannot agree with the contention of either party.

Section 255, Burns 1926, is as follows: "Whenever an act is repealed which repealed a former act, such act shall not thereby revive, unless it shall be so expressly provided. And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide; and

such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

When the sewer was established appellant's land became liable for the amount of the assessment against it, subject to the right to have said assessment adjusted after the work was completed and accepted, and the appellee became liable for the payment of the difference between the aggregate of the assessmnt against all of the lands involved and the total cost of the improvement.

Appellant's action is for the purpose of procuring an adjustment and modification of the assessment against her land, and appellee is made a party since it may become liable for any reduction in the amount of the assessment against appellant's land. The liability of neither is extinguished by the repeal of the statute, and it continues in force for the purpose of adjusting their respective liability.

The only ground for sustaining appellee's motion to dismiss appellant's "appeal" which is presented here is that appellant's pleading is not verified.

After providing for the appointment by the court of a board of assessors to fix benefits and damages, and providing for their duties, and providing, "That in assessing benefits to parcels of land outside city and town limits, said assessments shall be made upon the basis of acreage, and for actual benefits accruing to said farm lands as other benefits of farm drainage are now assessed under existing laws," the statute in question provides, "That appeals from such assessments may be made to the circuit court within fifteen days from the time such assessment rolls are filed, to be conducted as other appeals."

Appellee contends, and the court below evidently adopted the theory that, since there is a provision in

the farm drainage statute providing that appeals to the circuit court must be verified, the same rule must apply under the present proceeding. The provision of this sewer statute concerning the manner of assessing farm land outside the city, was evidently intended to affect the basis of the assessment only, and we find no indication that the legislature intended to adopt the procedure set up in statutes providing for the construction of farm drains; nor do we find any reason why such procedure should be adopted. From the very character of the drain most of it lies within the city and it would seem that the great bulk of the assessments would be upon property within the city. If it had been the intention of the legislature that those appealing from assessments outside the city limits should follow some different method of procedure than those appealing from assessments within the city, it has not made its intention evident. The language of the statute is that the appeals are to be "conducted as other appeals." Another provision of the statute in question is, "the provisions for the liens of assessments, the collection of assessments, right of election of property holders to pay the same in installments, the issue of bonds to anticipate the same, and all other provisions with regard to street or sewer improvement assessments shall govern in the matter of assessments made for or on account of improvements and public works constructed under the provisions of this section, as the same are applicable." The provision refers to proceedings had before the board of public works of a city.

The entire proceeding is begun before the board of works of the city and the letting of the contracts and construction of the sewer is made to proceed in accordance with the statute providing for the construction of drains inside the limits of the city. It is the clear intention of the statute that the property owner shall

have the right to have an assessment reviewed by the circuit court. If this were an appeal from an assessment upon property lying inside the city, one would most naturally look to §10344 et seq., Burns 1926, which provides in detail for appeals from decisions of the board of public works, to discover the proper procedure. There is no provision in that statute for the verification of the complaint. The procedure comes within our civil code and it will be noted that pleadings in civil actions are not required to be verified except by express statutory provision. The phrase, "conducted as other appeals," is very broad and comprehensive. The procedure and character of pleading is not expressly provided for and one must determine from the phrase, "to be conducted as other appeals," what the character of one's pleading shall be. How can it be said that one who chooses the method provided by statute for appeals from similar proceedings before the board of public works of a city has not brought himself within the provisions of the statute, or that the clear intention of the legislature that a property owner should have the right to have his assessment reviewed should be defeated for mere want of verification? Such a construction would be based entirely on technical grounds, since verification can add no merit to a pleading which is obviously based upon the proposition that the assessors erred in their construction of the law or in the amount of the assessment, both necessarily matters of opinion.

It will be noted that the sufficiency of appellant's pleading was not questioned in the former trial or appeal.

The judgments are reversed with instructions to the trial court to overrule appellee's motion to dismiss appellant's appeal.