KENTUCKY AND OLIVER AVENUE REALTY COMPANY *v.* CITY OF INDIANAPOLIS.

[No. 14,269. Filed October 24, 1933. Rehearing denied March 16, 1934.]

*Owen S. Boling* and *John W. Becker,* for appellant.

*Edward H. Knight, James E. Deery,* and *Herbert M. Spencer,* for appellee.

CURTIS, J.—This was an action by the appellant against the appellee, alleging ownership in the appellant of certain improved real estate suitable and used for a warehouse site, abutting upon what was formerly a part of Oliver Avenue in the City of Indianapolis, which street was alleged to be a main thoroughfare from the southeast sector of said city to the main business center across White River, and seeking to recover damages to its property alleged to have been caused by the closing and removal by the appellee of the bridge on said street across White River, and alleging that it left appellant's property abutting upon a cul-de-sac and cutting off the right of egress and ingress to its said property.

The complaint was in two paragraphs to which a demurrer for want of facts as to each paragraph was overruled and an answer of general denial filed. There was a trial by jury and a general verdict for the appellee. Appellant's motion for a new trial was overruled. Judgment was rendered for the appellee upon the verdict and in accordance therewith.

The overruling of the appellant's motion for a new trial is assigned as error and relied upon for reversal. The motion contains sixty specifications or causes for a new trial, the first twenty-two of which relate to the instructions; causes 23 to 57 inclusive relate to rulings

on evidence; cause 58 says that the verdict is not sustained by sufficient evidence; cause 59 asserts that the verdict is contrary to law, and cause 60 says "that the verdict is contrary to law and not sustained by sufficient evidence."

Under its propositions, points, and authorities, the appellant has discussed only the alleged error in the giving of instructions number 5, 6, 8, 9, 12, and 16, and its 59th cause for a new trial, to wit: that the verdict of the jury is contrary to law. It is needless to say that all other alleged errors are waived.

The record before us does not contain the evidence in any form. In *Ferguson* v. *Bilsland et al.* (1925), 196 Ind. 291, 146 N. E. 326, we find the following rules laid down: "Where the evidence is not recited in appellant's brief, it will be presumed that the instructions given correctly stated the law pertinent to the evidence and that those refused were not applicable to the evidence." Also, "Where the evidence is not in the record, instructions given will not be held erroneous if correct under any evidence admissible under the issues in the case." In *Herring et al.* v. *Watson* (1914), 182 Ind. 374, 105 N. E. 900, it was in effect held that where the evidence is not in the record the judgment of the trial court will not be reversed for error pointed out in instructions given unless they are so radically erroneous as to be incorrect in view of any facts that might have been proven under the issues. To the same effect see *Vandalia Coal Company* v. *Yemm* (1910), 175 Ind. 524, 92 N. E. 49; *Hopkins et al.* v. *Dreyer* (1923), 81 Ind. App. 433, 142 N. E. 17. Under the circumstances of the instant case we are required to indulge every reasonable presumption in favor of the correctness of the instructions. *Vandalia Coal Company* v. *Yemm, supra; Ferris* v. *The State* (1900), 156

Ind. 224, 59 N. E. 475; *Reinhold* v. *The State* (1891), 130 Ind. 467, 30 N. E. 306.

The complaint, and the instructions complained of are somewhat lengthy and we do not feel called upon to extend this opinion unduly by setting them out. It is sufficient, we believe, to say that when the issues tendered by the complaint and answer, and the instructions complained of are considered in the light of the above rules, that there is no reversible error shown.

It is manifest that the appellant has not shown that error in the instructions was carried into the verdict.

There is a motion pending to dismiss this appeal for alleged insufficient notice, but under the authority of the rulings of the Supreme Court on similar motions, this motion is now overruled. See *Wheeler* v. *City of Indianapolis* (1933), 205 Ind. 86, 185 N. E. 125. We find no reversible error.

Judgment affirmed.

Kime, C. J., dissents.

### DISSENTING OPINION.

KIME, C. J.—I am compelled to dissent from the majority opinion herein for the reason that I believe the motion to dismiss this appeal should be sustained and the appeal ordered dismissed. The notice herein is insufficient. I do not believe that we can be or should be governed by any action of the Supreme Court wherein they do not specifically say, in writing, why they take that action. It is true that the Supreme Court has in two instances taken action contrary to the action taken by this court, but to date there is no opinion law, by the Supreme Court, for this court to follow, and until the Supreme Court does hand down an opinion we must be guided by what we think the statutory law is. Until an opinion is written, which we are bound to follow, I

think our interpretation of the statutory law should govern.

I could concur in the result reached here if the motion to dismiss was not involved but until there is contrary opinion law, which is binding upon us, we should not place ourselves in the position of reaching the result in the manner in which the majority here reach it.