Filed February 31, 1896.

---

No. 17,140.

PRICE *v.* GWIN, SHERIFF, ET AL.

JUDGMENT.—A judgment is not binding upon one who was not a party to the action in which it was rendered.

From the Carroll Circuit Court.

*Guthrie & Bushnell* and *R. P. Davidson,* for appellant.

*Sellers & Uhl* and *J. H. Gould,* for appellees.

McCABE, J.—The appellant sued the appellee to re-

strain him and others from proceeding to tear down and repair or rebuild the court house in White county, under the order of the White Circuit Court. The suit was begun in the White Circuit Court and the venue was changed to the Carroll Circuit Court. The complaint was in all respects exactly the same as that in the case of the *Board, etc.,* v. *Gwin, Sheriff,* 136 Ind. 562 (22 L. R. A. 402), except that the plaintiff, appellant in this case, was the plaintiff as a tax payer of White county instead of the board of commissioners of White county. Appellees answered in three paragraphs. The first sets up and relies on the same orders of the White Circuit Court set forth in the complaint in the former case already mentioned; the second sets up as a former adjudication the judgment of the White Circuit Court in the case already mentioned before the same was reversed in this court. The third was a general denial. A demurrer for want of sufficient facts was overruled to the said first and second paragraphs.

The issues joined were tried by the court, resulting in a special finding of the facts on which the court stated conclusions of law against the plaintiff, the appellant, that he ought to take nothing by his suit.

The errors assigned call in question the rulings upon demurrer and the correctness of the conclusions of law.

The facts found are the same in all material respects as those set forth in the complaint and relate to and are the same transaction involved in the case of the *Board, etc.,* v. *Gwin, Sheriff, supra.* The law declared and laid down in that case is decisive of this except one point. There is one question involved in this case not involved or decided in that. That is the ruling on demurrer and the conclusion of law as to the former adjudication. That adjudication, being at

State, *ex rel. v.* Hart *et al.*

that time unreversed, was binding and conclusive upon all the parties thereto, yet it was not binding or conclusive upon appellant because he was not a party to it. *Glenn* v. *State, ex rel.*, 46 Ind. 368; *Bartlett* v. *Kochel*, 88 Ind. 425; *State* v. *Page*, 63 Ind. 209; *Faust* v. *Baumgartner*, 113 Ind. 139; *Denney* v. *State, ex rel.*, 42 N. E. Rep. 929 (31 L. R. A. 726).

It follows that the Carroll Circuit Court erred in ruling upon the demurrer and in its conclusions of law.

The judgment is therefore reversed, with instructions to the trial court to restate its conclusions of law in accordance with the law as laid down in the case of the *Board, etc.*, v. *Gwin, Sheriff, supra*, and to render judgment accordingly.

Filed March 3, 1896.