## FERRIS *v.* THE STATE.

[No. 19,473. Filed February 21, 1901.]

INDICTMENT.—*Presenting False Claim Against County.— Criminal Law.*—An indictment under §2353 Burns 1894 for presenting a false claim against a county, charging that defendant presented the claim to the board of commissioners to secure its allowance, and to procure from the board an order on the county treasury for its payment, is not bad for duplicity, since there is but one substantive act described, the language employed being only descriptive of different phases of a single wrongful act.   *pp. 225-227.*

SAME.—*Presenting False Claim Against County.—Criminal Law.*— An indictment under §2353 Burns 1894 for presenting a false claim against a county is not bad for uncertainty and duplicity because of an allegation therein that the claim so presented was "false and fraudulent."   *p. 227.*

APPEAL AND ERROR.—*Affidavits in Conflict with Record.—Criminal Law.*—Affidavits negativing arraignment of defendant upon the indictment, and waiver of arraignment, filed in support of a motion for a new trial, before the record was signed by the judge, will not be considered on appeal in contradiction of the record showing arraignment of defendant and plea of not guilty.   *pp. 227-229.*

SAME.—*Record.—Correction.*—Where the record misstates a fact, the remedy is by motion in the court below to correct it, and, upon an adverse ruling, a bill of exceptions should be taken embracing the ruling, and independent error assigned thereon in the Supreme Court.   *p. 229.*

SAME.—*Instructions.—When Evidence Not in Record.*—Where the evidence is not in the record, it will be presumed that instructions refused were refused because they were not applicable to the evidence, if they in any way depend upon the evidence for their interpretation; and instructions given will not be held erroneous if they correctly state the law under any supposable state of facts probable under the issues.   *p. 230.*

INSTRUCTIONS.—*Presenting False Claim Against County.—Criminal Law.*—An instruction in a prosecution for presenting a false claim against the county to the effect that it was not enough to prove that the claim was false, but it must be proved beyond a reasonable doubt that defendant filed the claim with the intention of defrauding the county; but that the intention with which the act charged was done, if done at all, might be inferred from all the circumstances proved in the cause, is not objectionable as advising the jury that the facts and circumstances proved in the case were sufficient to establish fraudulent intent.   *p. 231.*

From the Shelby Circuit Court.    *Affirmed*.

.A. F. .Wray, T. H. Campbell and Joseph Chez, for appellant.

. W. L. .Taylor, Attorney-General, C. C. Hadley .and. Merrill Moores, for State.

HADLEY, J.—Appellant was convicted of making out and presenting to the board of commissioners, for the purpose of securing its allowance, a false and fraudulent claim, in violation of §2353 Burns 1894, §2205 R. S. 1881 and Horner 1897.

Appellant's motions to quash the indictment, for a new trial, and in arrest of judgment, were overruled. The statute so far as it gives support to the indictment is as follows: "Whoever, knowing the same to be false or fraudulent, makes out or presents for payment, or certifies as correct * * * to the county auditor or the board of commissioners or other officers of any county, * * * any claim, * * * account, * * * or other evidence of indebtedness, false or fraudulent, for the purpose of procuring the allowance of the same, or an order for the payment thereof out of the treasury of said State, county, * * * shall be imprisoned," etc.

The indictment charges in substance that the appellant on the 15th day of November, 1899, at said county and State, did then and there unlawfully, feloniously, and designedly, and with intent to cheat and defraud said Shelby county, make out and file in the auditor's office of said county, and cause the same to be entered on the claim docket in said office, and present to the board of commissioners of said Shelby county, a certain false and fraudulent claim against said county for indexing, which said claim is in the words and figures following: "Shelby county, To John G. Ferris, Dr. To balance on indexing, $89.50." The said claim being so made out and presented to said board

of commissioners in manner as above for the purpose of then and there securing the allowance of the same by said board, and then and there procuring an order on said county for said sum for payment thereof out of the county treasury and from the funds belonging to said county.

The first objection made to the indictment is that it is bad for duplicity, in this: (1) That it is charged that appellant presented the claim to the board of commissioners to secure its allowance, and (2) to procure from the board an order on the county treasury for its payment. The language of the indictment is not justly subject to this objection. The words are: "For the purpose of then and there securing the allowance of the same by such board and then and there procuring an order on such county for said sum of $89.50 for the payment thereof out of the treasury of such county, and of the funds of said county." It will be observed that it is distinctly averred that the claim was presented for the purpose of securing *its allowance* by the commissioners, but it is not even inferentially averred that the presentation was for the purpose of procuring from the commissioners the issuance to him of an order upon the treasury. The gist of the indictment is that appellant undertook to defraud Shelby county by procuring money from its treasury wrongfully. As his course of procedure he made out a false claim against the county and presented it to the board of commissioners for allowance. This allowance it was necessary to have before he could proceed further with his scheme, and, when procured, it became, *ipso facto,* the duty of the auditor to issue to him a warrant upon the county treasury for its payment out of the county funds. §§3, 4 Acts 1897, p. 188. So the plain meaning of the language used is, that appellant's purpose in presenting the claim to the commissioners was to secure its allowance, which allowance carried with it the right of appellant to demand and receive from the auditor a warrant upon the county treasury. The further purpose to be attained after allow-

ance of the claim perhaps should have been omitted in the interest of good pleading, but its presence does not vitiate the indictment. There is only one substantive act described, and the language employed is only descriptive of different phases or elements of a single wrongful act.

It is insisted that the indictment is bad for duplicity and uncertainty, for the further reason that it is charged therein that the claim presented was both *false* and *fraudulent*—the insistence being that a false claim and a fraudulent claim, being distinct offenses alike amenable to the statute, cannot be laid conjunctively in the same count. This precise question has been decided against the appellant by this court in *Wilson* v. *State, post,* 631. See authorities there cited. The motion to quash the indictment was properly overruled, and for the same reasons there was no error in overruling appellant's motion in arrest of judgment.

Appellant earnestly and ably insists that the judgment should be reversed for refusal to grant him a new trial, (1) because the court put him upon his trial without arraignment, or waiver, or plea to the indictment. It may be said that if there was neither arraignment nor plea, there can be no question to decide, for it is already well settled that a trial upon an indictment, without the taking of these preliminary steps by the court, is a trial without an issue and constitutes such an irregularity as entitles the defendant to a retrial, if the verdict is against him. *Tindall* v. *State,* 71 Ind. 314; *Weaver* v. *State,* 83 Ind. 289; *Shoffner* v. *State,* 93 Ind. 519; *Billings* v. *State,* 107 Ind. 54. But the record before us shows that the real question arising is quite a different one. We quote: "On Monday, June 25, 1900, * * * the following proceedings by the court were had in said cause, to wit: * * * Whereupon, comes now the State of Indiana by her prosecuting attorney, Alonzo Blair, and by her assistant counsel, John S. Duncan, and comes also the defendant in person and by his attorneys, and said defendant being arraigned upon the indictment

filed herein against him for 'Presenting a false claim against Shelby county, Indiana,' No. 1,754, for plea thereto says that he is not guilty, whereupon the State of Indiana by her attorneys agree in open court to a separation of the witnesses in this cause, during the hearing of the same." Following, it appears that on the same day the trial was entered upon, and on June 28th, the jury returned a verdict of guilty. Before the record was signed by the judge, and on June 30th, the defendant filed "his motion and affidavits," for a new trial. The first reason for a new trial was because the defendant before trial was not arraigned upon the indictment, nor did he waive arraignment, and was not requested to, nor did he plead to the indictment, and no plea of not guilty was entered for him, upon his plea, or upon his standing mute. This reason for a new trial was supported by four affidavits, one by the defendant, and one by each of his three attorneys, all to the same effect, and negativing arraignment, as stated in the motion. The evident purpose of the affidavits filed with the motion for a new trial was to contradict that part of the record above quoted. But whatever the object was, the affidavits must be regarded by this court as ineffectual for any purpose. It was the duty of the appellant to bring to this court a perfect record. It is only upon the assumption that the record speaks the truth that questions presented will be entertained and decided by appellate tribunals. From this principle has sprung the established rule that "the record as embodied in a properly prepared and duly authenticated transcript imports absolute verity." Elliott's App. Proc. §186, and authorities cited; *Bozeman* v. *Cale,* 139 Ind. 187, 191, and cases cited. "And cannot be aided, varied, or contradicted by extrinsic evidence." Elliott's App. Proc. §186; *Bozeman* v. *Cale, supra.* Even a bill of exceptions when once it becomes a part of the record cannot be questioned by affidavit on appeal. *Wishmier* v. *State,* 110 Ind. 523; *Goldthait* v. *Cincinnali, etc., R. Co.,* 143 Ind. 356.

The effect of appellant's argument is to ask this court to permit the nullification of a record, fair upon its face, by collateral attack. This we have held cannot be done. "If we may entertain this affidavit as raising an issue with the record because it was filed in the lower court, we are unable to discern why we should not entertain it if filed in this court for the first time. * * * The record entry and the affidavit, by the contention of the appellant, raises an issue in this court to be determined by directing an alteration of the record to correspond with the statements of the affidavit as to the former entry. As we have said, this issue is not different from an original attack upon the record in this court. The issue would require us to decide between the apparently perfect record and an affidavit attacking the accuracy of the record." *Williams* v. *Freshour,* 136 Ind. 361, 364. It made no difference that the question arose before the record was signed by the judge. It was made up, and, however or when settled and authenticated by the judge's signature, it must stand, until properly set aside or vacated.

If the record misstated a fact, appellant's remedy was by a motion in the court below to correct it, and upon an adverse ruling take a bill of exception embracing the facts upon which independent error should have been assigned in this court. The cases of *Shoffner* v. *State*, 93 Ind. 519, and *Billings* v. *State,* 107 Ind. 54, cited by appellant, are in harmony with this view. In the Shoffner case the clerk, contrary to the fact, entered upon the record that the "defendant waived an arraignment and pleaded not guilty." After verdict of guilty and before the record was signed, as in this case, the defendant moved the court for a correction of the entry by striking out the part above quoted. The court conceded that there was no arraignment or plea, but overruled the motion upon the ground that the defendant went to trial without objection, as upon a plea of not guilty, and was unharmed. There was no motion for a new trial

and on appeal this court held that, while the trial was erroneous without a plea the error could be saved only by a motion for a new trial. In the Billings case the record was silent as to arraignment and plea. There was no motion for a new trial and the objection to the failure of the court to require arraignment and plea was raised for the first time in this court and the doctrine of the Shoffner case was there reaffirmed. It was the *fact* of "no arraignment" shown by the record in the Billings case and conceded by the court in the Shoffner case (which amounts to a disclosure by the record) that furnished the defendants a cause for a new trial, which relief they did not receive because not asked for. In the case at bar the new trial can not be awarded on account of non-arraignment because the indisputable record affirmatively shows an arraignment;

As a further reason for a new trial complaint is made of the refusal of the court to give to the jury certain instructions requested by the defendant, and of the giving to the jury certain instructions of the court's own motion. The evidence is not in the record, and if the instructions refused in any way depend upon the evidence for their interpretation it will be presumed that they were refused because not applicable to the evidence, and with respect to those given, if they correctly state the law under any supposable state of facts provable under the issues, they will not be held erroneous. *Drinkout* v. *Eagle Machine Works,* 90 Ind. 423; *Lynch* v. *Bates,* 139 Ind. 206; *Adams* v. *Vanderbeck,* 148 Ind. 92, 62 Am. St. 497; *Savings Bank* v. *Cooper,* 19 Ind. App. 13, and cases cited.

Numbers three and eleven and one-half refused and complained of were on the subject of reasonable doubt and what was necessary to its exclusion from the mind of the juror. The court of its own motion gave six different instructions upon the same general subject, in number sixteen of which the identical phases referred to in appellant's requests are covered by language that seems to

be stronger and more favorable to appellant than that proposed by him. Other requests refused related to the subject of fraud, and character, but in the absence of the evidence we must presume that they were refused because not applicable.

Number eight given by the court in substance informed the jury that if the defendant agreed with the commissioners to do certain work at a fixed price, the board could not lawfully allow him more for such work than the sum agreed upon—that a private individual may make gifts to whomsoever he pleases, but a board of commissioners has no power to make presents out of the county treasury. The latter part of the instruction is complained of as prejudicial. The language was used to illustrate the principle contained in the preceding part of the charge, and when taken in connection with the next two following instructions, we think the words could not have injuriously affected the defendant.

By number twenty-two the court in effect told the jury that, unless the evidence established beyond a reasonable doubt that the defendant filed a false claim with intent to defraud Shelby county, they must acquit; that it was not enough to prove that the claim was false, but the State must further prove beyond a reasonable doubt that the defendant filed it with the intention of defrauding Shelby county, and if the State has not so proved that fact, they must acquit, but that the intention with which the act charged was done, if done at all, might be inferred from all the facts and circumstances proved in the cause. It is claimed that the instruction in effect advised the jury that the facts and circumstances proved in the case were sufficient to establish fraudulent intent. We do not think so. The charge is not that the proved facts were sufficient to establish intent, but that the jury *might* infer intent from the facts and circumstances proved if they were of sufficient probative force to convince them beyond a reasonable doubt that such intent was present. We have carefully read the instructions and

Chicago, etc., Co. v. Lewis, Rec.

when taken as a body we are convinced that they fully and fairly presented the law of the case in terms quite as favorable to the defendant as he was entitled to.

Judgment affirmed.