HOPKINS ET AL. *v.* DREYER.

[No. 11,749. Filed January 9, 1924. Rehearing denied March 12, 1924. Transfer denied April 25, 1924.]

1. EXCEPTIONS, BILL OF.—*Grant of Time to Tender.—On Overruling Motion for New Trial.*—A bill of exceptions containing the evidence, which is not filed before the close of the term at which the motion for a new trial was overruled, is not in the record when time for tendering the bill of exceptions to the judge for approval was not granted on overruling said motion. p. 434.

2.  APPEAL.—*Review.*—*Giving Instructions.*—*Presumptions.*—In the absence of the evidence, instructions as to matters within the issues will not be held erroneous, as it will be presumed that the evidence was such as to warrant the giving of each instruction.   p. 435.

3.  APPEAL.—*Review.*—*Refusal to Give Instructions.*—*Presumptions.*—Unless the evidence is in the record, it will be presumed that requested instructions were properly refused, even though they announce correct propositions of law, for the reason that they were not applicable to the evidence.   p. 435.

4.  APPEAL.—*New Trial.*—*Grounds for.*—*Striking Out Parts of Complaint.*—Overruling a motion to strike out parts of a complaint is not cause for a new trial, and a motion for a new trial assigning that as one of the grounds therefor presents no question on appeal.   p. 435.

From Elkhart Circuit Court; *James S. Drake,* Judge.

Action by Helen J. Dreyer against Howard H. Hopkins and others.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*P. C. Fergus* and *John G. Yeagley,* for appellants.

*L. L. Burris, Howard R. Inebrit* and *Frank P. Abbott,* for appellee.

ENLOE, J.—This was an action by appellee to recover damages for fraud and deceit alleged to have been practiced upon her, by appellants, in the purchase by her of certain property from the appellants.

To a complaint in one paragraph, the appellants answered by a general denial, and the issue thus formed was submitted to a jury for trial and resulted in a verdict for the appellee, upon which judgment was rendered.   Appellants' motion for a new trial having been overruled, they now prosecute this appeal and assign as error the overruling of their said motion.

At the time said motion was overruled, the appellants did not ask for and obtain time beyond the term within which to tender their bill of exceptions on the evidence, and their said bill of exceptions, not having been filed before the close of the term at

which said motion was overruled, is not therefore in the record. *Tozer, Admr.,* v. *Estate of Hobbs* (1923), 79 Ind. App. 258, 137 N. E. 715. The questions therefore, which appellants attempt to present which depend upon the evidence cannot be considered.

The appellants complain of certain instructions given by the court of its own motion. Each of the instructions so challenged is addressed to some fact or

2. facts within the issues as made by the pleadings, and, in the absence of the evidence, we cannot say that the court committed error in the giving of any of said instructions. We must presume in favor of the trial court and that the evidence was such as to warrant the giving of each instruction complained of by appellants. *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 96 N. E. 473.

The appellants also complain of the action of the trial court in refusing to give certain requested instructions. Here again we must presume in favor of the action

3. of the trial court, and that such requested instructions, even though they were each and severally correct statements of propositions of law, were not applicable to the evidence, and were, therefore, correctly refused. *Jenkins* v. *Wilson* (1895), 140 Ind. 544; *Holland* v. *State* (1892), 131 Ind. 568.

The appellants assigned as one of the causes for a new trial the action of the court in overruling their motion to strike out certain designated parts of the com-

4. plaint, and they have tried to present this matter as being error. Such matter is not a cause for a new trial under our statute, and therefore no question as to this matter is presented. *Ward* v. *Bateman* (1870), 34 Ind. 110; *Milliken* v. *Ham* (1871), 36 Ind. 166.

No error has been presented, and the judgment is therefore affirmed.