FERGUSON *v.* BILSLAND ET AL.

[No. 24,174. Filed January 28, 1925. Rehearing denied June 10, 1925.]

1. APPEAL.—*Appellant's statement in brief that no error excepting certain assigned errors constitutes waiver of all errors not within the exception.*—Where appellant states in his brief that there is no reversible error in the record except as to the action of the court in giving instructions, and no other proposition was discussed, all other causes for a new trial will be deemed waived. p. 293.

2. APPEAL.—*Where evidence not set out in appellant's brief, instructions given will be presumed correct and those refused not applicable to the evidence.*—Where the evidence is not recited in appellant's brief, it will be presumed that the instructions given correctly stated the law pertinent to the evidence and that those refused were not applicable to the evidence. p. 293.

3. APPEAL.—*Where evidence not in record, instructions correct under any evidence admissible will not be held erroneous.*—Where the evidence is not in the record, instructions given will not be held erroneous if correct under any evidence admissible under the issues in the case. p. 293.

4. HIGHWAYS.—*Sustaining objection to argument of remonstrant's counsel as to payment of damages by taxpayers and statement of law on that subject by the court held not error.*—In a proceeding to establish a highway, it was error for counsel for a remonstrant to argue to the jury that it should consider the cost of constructing the proposed highway and the damages to be paid the remonstrants and that they were to be paid by the taxpayers of the county, as the county commissioners determine who should pay the costs and damages, and the court did not err in sustaining an objection to said statement, and in stating the law as to the determination of payment of damages. p. 294.

From Fountain Circuit Court; *Jere West,* Special Judge.

Proceeding by H. Knapper Bilsland and others for the establishment of a highway. From a judgment establishing such highway, David S. Ferguson appeals. *Affirmed.*

*Valentine E. Livengood* and *Forrest E. Livengood,* for appellant.

*W. N. White* and *B. F. Watson,* for appellees.

GEMMILL, J.—Appellees filed a petition with the auditor of Fountain county, addressed to the board of commissioners, praying for the location and establishment of a public highway in Troy township in said county. Viewers were appointed who reported in favor of the public utility of the proposed highway. The appellant and other freeholders remonstrated against same as not being of public utility, and reviewers were appointed who also reported favorably on that proposition. The appellant, David S. Ferguson, and his wife, Sarah E. Ferguson, then filed separate remonstrances for damages. Reviewers were appointed, who assessed and reported damages in favor of each of said remonstrators. The reports of the reviewers as to the public utility of the proposed highway, and as to damages in favor of the remonstrators were approved, the damages were ordered paid by the county, and the highway was ordered established. The remonstrators then appealed to the Fountain Circuit Court. Before the case was tried in the circuit court, the remonstrator, Sarah E. Ferguson, died intestate, leaving as her only heir at law, the other remonstrator, David S. Ferguson, who became the owner of the real estate which she owned, and on which damages had been assessed, and he was substituted as remonstrator in the place of said decedent. The cause was tried by a jury, which found that the proposed highway would be of public utility and against the remonstrator on that proposition, but found for the remonstrator, the appellant herein, on his remonstrance for damages and assessed his damages in the sum of two hundred dollars. Judgment was rendered on the verdict.

Appellant filed a motion for a new trial containing eleven causes for same, which motion was overruled. The ruling on said motion has been assigned as error.

In appellant's brief, on page 30, the following state-

ment is made: "We are free to concede there is no
reversible error in the record in this cause, aside
1.   from the instructions given to the jury, including
-the peremptory instruction given during the
argument of counsel for appellant." And in accord-
ance therewith, all causes stated in the motion for a
new trial, except the seventh, eighth, ninth and eleventh,
are not discussed by appellant and will be regarded as
waived.

The seventh, eighth and ninth reasons for a new trial
are as follows: "(7) The court erred in giving to the
jury of its own motion, each of the instructions, sepa-
rately and severally numbered from one to ten, inclu-
sive.    (8) The court erred in giving to the jury at the
request of the petitioners, instructions numbered from
one to twenty-two, save and except instructions 4, 5,
12 and 16, and that the court erred in giving each of the
instructions separately and severally.    (9) The court
erred in refusing to give to the jury each of the in-
structions requested by the remonstrator numbered 2
and 15."

The evidence is not in the transcript and there is no
recital of same in appellant's brief, so it will be pre-
sumed that the instructions given correctly stated
2, 3.   the law as pertinent to the evidence, and those
refused, if they stated the law, were not applica-
ble to the evidence. *De Hart* v. *Board, etc.* (1895), 143
Ind. 363, 367; *Lyons* v. *Souder* (1914), 56 Ind. App.
443; *Gary, etc., R. Co.* v. *Hacker* (1915), 58 Ind. App.
618; *Muncie, etc., Traction Co.* v. *Hall* (1910), 173 Ind.
292, 295; *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind.
377, 383.   As the evidence is not in the record, none of
the instructions, which were given, will be held erro-
neous if correct under any evidence admissible under
the issues in the cause. *Mankin* v. *Pennsylvania Co.*
(1903), 160 Ind. 447, 454; *Indianapolis Traction, etc.,*

*Co.* v. *Ripley* (1911), 175 Ind. 103, 108; *Oleske* v. *Piotrowski* (1919), 71 Ind. App. 136, 141; *Jones* v. *Beasley* (1921), 191 Ind. 209, 213.    After careful examination of the instructions given which are objected to by appellant, we believe each of said instructions is correct under evidence admissible under the issues.

The eleventh reason for a new trial is as follows: "(11)  The court erred in sustaining the objection of the petitioners' attorney to the following statement made to the jury in argument by the attorney for the remonstrator, to wit:—It is your duty to regard the cost of the construction of this proposed highway, the damages to be paid the remonstrant, all to be paid by the taxpayers of Fountain county, Indiana, and instructing or directing the jury to disregard that part of the statement; all to be paid by the taxpayers of Fountain county, Indiana; and that the court erred by making the voluntary statement, in addition thereto, in the presence of the jury, that it is the duty of the board of commissioners of the county to determine who shall pay the cost or damages if there shall be any to pay, and not this jury." The court, in our opinion, did not err in sustaining the objection of petitioners' attorney to the said statement of remonstrator's attorney in argument to the jury, for the reason that said statement was erroneous.   It could not be presumed that the damages, if any, would have to be paid by the county.   And the court did not err in instructing or directing the jury to disregard the objectionable part of the statement and in stating the law as to the determination of payment of damages, if any.

The court did not err in overruling the motion for a new trial.  The judgment is affirmed.