LINDEMAN v. LINDEMAN.

[No. 15,589. Filed June 15, 1937.]

*William Jenner* and *W. E. Cox*, for appellant.

*Padgett & Rogers* and *Arthur Rogers*, for appellee.

WOOD, J.—This is an appeal from a judgment of the Dubois Circuit Court awarding the appellee a divorce from the appellant and awarding the appellant alimony in the sum of $350.

The appellant assigns as error for reversal, the over-ruling of her motion for a new trial, which alleged as grounds therefor: that the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law; that the court abused its discretion in awarding but $350 alimony to appellant; and for newly discovered evidence.

We are met at the threshold of a consideration of this appeal with the contention of appellee that no question is presented for consideration, because of the failure of the appellant to comply with the rules of this court in the preparation of her brief. An examination of appellant's original and reply briefs sustains appellee's contention.

In order to properly determine the merits of each of appellant's causes for a new trial, it would require an examination of the evidence submitted upon the trial of the cause in the lower court,

Paragraph five of rule twenty-one of this court provides that, "if the insufficiency of the evidence to sustain the . . . finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely." Likewise when the discretion of the court is questioned in the allowance of alimony or in refusing to grant a new trial for newly discovered testimony, it is necessary that a resume of the evidence be set out in the brief in order to enable the court to determine whether there has been an abuse of discretion as alleged without being required to resort to the record for that purpose. 2 Watson's Works Practice, sec. 2018, p. 575.

The only evidence referred to in that part of appellant's brief devoted to a condensed recital of the evidence is that given by the appellant and appellee. This however is not a condensed recital of the evidence of these two witnesses, but consists only of conclusions drawn from their evidence. The record shows that nine other witnesses testified, and that three exhibits were admitted and read in evidence. Appellant's recital of the evidence is completely silent regarding the testimony of these nine witnesses and the contents of the three exhibits. The appellee has not seen fit to supply these deficiencies by setting out a condensed recital of the omitted evidence in his brief. "He has a right to assume that the rule requiring appellant to set out the evidence in narrative form will be uniformly enforced." *McNeil* v. *Russell* (1932), 96 Ind. App. 428, 185 N. E. 383, and authorities there cited; *Humphrey* v. *Pleasure Park, etc., Co.* (1933), 97 Ind. App. 592, 187 N. E. 682.

In that portion of her brief devoted to "Propositions and Authorities," appellant has failed to comply with the rules of this court, in that she has not set out the causes relied upon for a new trial, numbered as in the motion. Under this portion of her brief

appellant also sets out many abstract propositions of law but makes no specific application thereof to any of the causes assigned for a new trial.

The rules of the Supreme Court and this court when adopted and published, have the same force and effect as law, and are binding alike upon the courts and litigants before them. *Humphrey* v. *Pleasure Park, etc., Co., supra.* Appellee insists that we abide by and enforce the rules adopted by this court for the preparation of briefs. We agree with this insistence.

For failure of appellant to comply with the rules of court in the preparation of her brief, no question is presented for our consideration.

Judgment affirmed.

Dudine, J. not participating.