PISARSKI *v.* GLOWISZYN, ADMINISTRATOR, ET AL.

[No. 16,896. Filed April 3, 1943. Rehearing denied April 30, 1943. Transfer denied May 20, 1943.]

*M. William Malczewski*, of Gary, for appellants.

*Willis C. McMahan* and *Henry G. Doherty*, both of Gary, for appellees.

ROYSE, J.—Appellee Thaddeus Glowiszyn, administrator of the estate of John Glowiszyn, was judgment plaintiff in a certain action in the Lake Circuit Court in which appellee Valentine Pisarski was judgment defendant. In that action said judgment plaintiff obtained a judgment for $1,844.75 against said judgment defendant. This case is an appeal from a judgment of

the Porter Superior Court in proceedings supplementary to enforce the levy of an execution on said judgment. In this case appellee Glowiszyn was plaintiff, and Valentine Pisarski, Helen Pisarski, Harry Pisarski, Stella Pisarski, John Smolinski, Gary State Bank, a corporation, and Gary Trust & Savings Bank, a corporation, were named defendants. Subsequently, on its petition to intervene, Val's Restaurant, Incorporated was made a party defendant. The action was commenced in the Lake Circuit Court and the venue changed to the Porter Superior Court where the cause was tried on a verified amended and supplemental complaint, which, in substance, alleges that the plaintiff recovered a judgment in the Lake Circuit Court against the defendant Valentine Pisarski in the sum of $1,844.75 and costs; that subsequently execution was issued by the clerk of said court to the sheriff of Lake County who demanded of said defendant payment and satisfaction of said judgment, which was refused; that said sheriff made diligent search for property of said defendant out of which to obtain satisfaction of said judgment and execution, but was unable to find any such property and said execution was returned by the sheriff to the clerk endorsed *"nulla bona;"* that said judgment is wholly unpaid.

The complaint further alleges that said defendant, Valentine Pisarski, is the owner of a large amount of personal property which he unjustly refuses to deliver up to said sheriff to satisfy said judgment, the exact description of each item of said property being unknown to plaintiff, but that some of such property consists of furniture, fixtures, equipment, merchandise, etc., located in a tavern in the City of Gary, Indiana, with money and currency of the United States of America in the sum of $3,000. It is further alleged that said defend-

ant, Valentine Pisarski, prior to and at the commencement of this action, owned and operated said tavern under the name of Val's Restaurant, Incorporated; that said Val's Restaurant, Incorporated, was never duly authorized to transact business in this State; that the defendant John Smolinski permitted the use of his name as one of the incorporators of said Val's Restaurant, Incorporated, but never owned any stock in said corporation or any of the property used in the operation of said tavern; that all of the other defendants are children of the defendant Valentine Pisarski; that each of said children assert ownership and title to said personal property as individuals and stockholders of defendant corporation for the purpose of assisting said Valentine Pisarski in unjustly withholding said property and to keep it from being sold in satisfaction of said judgment; that said property is worth more than $3,000 and that said defendant, Valentine Pisarski, has other property unknown to the plaintiff subject to execution which he unjustly refuses to apply to the satisfaction of said judgment. The complaint concludes with the following prayer: "Wherefore, plaintiff asks an order of this court requiring the defendant, Valentine Pisarski, to appear to answer before this court concerning his property in Lake County, State of Indiana, subject to satisfaction of said judgment, and further to answer as to the property above described, and that the defendants above named be ordered to appear to answer as to any interest they may have in and to the above described property, for the costs of this action and for all other proper relief."

The defendant Val's Restaurant, Incorporated demurred to this complaint on the grounds the complaint did not state facts sufficient to constitute a cause of action. In its memorandum in support of said demurrer

it alleges the complaint does not allege the corporation has any property belonging to the judgment defendant. The other defendants demurred to the complaint on the same ground and in their memorandum in support thereof say the complaint does not allege that the defendants or any of them have any property belonging to the judgment defendant. The demurrers were over-ruled by the court. Proper exceptions were duly taken to such ruling of the court.

Prior to the trial of said cause the plaintiff, pursuant to §§ 2-1644, 2-1645, Burns' 1933, filed an affidavit for the inspection and production in court of certain books and records in possession of the defendant Val's Restaurant, Incorporated. Said defendant filed its motion to deny and reject such request. The court denied the motion of said defendant and granted the request of the plaintiff for the inspection and production in court of the books of said defendant corporation. The cause was submitted, evidence heard, and the court made the following finding and judgment:

"This matter having come on regularly for trial and the testimony of the plaintiff and defendants having been submitted herein, and the court, being duly advised in the premises, now finds for the plaintiff, upon his complaint, and against the defendants Valentine Pisarski and Stella Pisarski, and further finds that the defendant Stella Pisarski, at the time of the commencement of this action, had, upon deposit in The Gary State Bank, of Gary, Lake County, Indiana, the county of residence of said Valentine Pisarski and of said Stella Pisarski, a sum of money in excess of their legal exemptions, sufficient to pay and satisfy the plaintiff's judgment hereinafter referred to, together with all costs, interest and accruing interest; said money, so upon deposit, then was the property of and belonged to the defendant Valentine Pisarski; that, since the commencement of this cause of action, the defendant Stella Pisarski, withdrew said money

from deposit at said bank, and now has said money in her possession subject to the direction and control of the defendant Valentine Pisarski; that, of said money, a sum should be paid to the Clerk of this court, for the use and benefit of the plaintiff, sufficient to fully satisfy the plaintiff's judgment against the defendant Valentine Pisarski, in Cause No. 26488, in the Lake Circuit Court, of Lake County, State of Indiana, in the sum of Eighteen Hundred Forty-four and Seventy-five one-hundredths ($1,844.75) Dollars, and costs therein in the sum of $23.05 with interest thereon at six per cent from the 9th day of March, 1938, until said money is so paid to said Clerk, and together with a further sum of money sufficient to pay all costs in this cause, and

"It is ordered, adjudged and decreed that the defendants, Stella Pisarski and Valentine Pisarski, shall within sixty days, pay to the Clerk of this Court, for the use and benefit of the plaintiff, money in the sum sufficient to fully pay the plaintiff's judgment against the defendant Valentine Pisarski, in Cause Number 26488 in the Lake Circuit Court, Lake County, State of Indiana, in the sum of Eighteen Hundred Forty-four and seventy-five one-hundredths ($1,844.75) Dollars, and costs therein, in the sum of $23.05 with interest thereon at six per cent from the 9th day of March, 1938, until said money is so paid to said Clerk, and together with a further sum of money sufficient to pay all costs in this cause.

"Dated this 21st day of February, 1941."

The defendant Val's Restaurant, Incorporated duly filed its motion for a new trial, which motion alleged: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law.

The defendant Stella Pisarski filed a motion for a new trial which alleged: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) the court erred in

admitting in evidence over the objection of this defendant certain monthly statements showing deposits, withdrawals and monthly balances of this defendant at the Gary State Bank at Gary, Indiana, to which ruling this defendant at the time excepted. (This last ground was waived by appellant Stella Pisarski in her brief.)

The assignment of errors in this court is as follows:

1. The court erred in overruling the motion of Val's Restaurant, Incorporated, an Indiana corporation, to reject and deny the motion of Thaddeus Glowiszyn, administrator of the estate of John Glowiszyn, for an order to allow inspection of the books and papers and their production at trial.

2. The court erred in sustaining the motion of Thaddeus Glowiszyn to allow inspection and to produce certain papers, books and documents of said Val's Restaurant, Incorporated, an Indiana corporation, in court.

3. The court erred in overruling the demurrer of Stella Pisarski to the amended and supplemental complaint.

4. The court erred in overruling the demurrer of Val's Restaurant, Incorporated, an Indiana corporation, to the amended and supplemental complaint.

5. The court erred in overruling the motion of Stella Pisarski for a new trial.

6. The court erred in overruling the motion of Val's Restaurant, Incorporated, an Indiana corporation, for a new trial.

After the case was filed in this court, appellee Thaddeus Glowiszyn, administrator of the estate of John Glowiszyn, filed two motions, one to dismiss the appeal and the other to transfer to the Supreme Court. The motion to transfer was granted and the cause, pursuant to § 4-217, Burns' 1933, transferred to the Supreme

Court. That court held it was without jurisdiction and sent the case back to this court. *Pisarski* v. *Glowiszyn* (1942), 220 Ind. 128, 41 N. E. (2d) 358. Thereafter, the appellee Glowiszyn filed a second and supplemental motion to dismiss. Both the original motion to dismiss and the second and supplemental motion to dismiss were overruled.

Appellee Glowiszyn contends with great earnestness that this court does not have jurisdiction of this appeal because there is no judgment either for or against any of the defendants except the defendants Valentine Pisarski and Stella Pisarski. We cannot agree with this theory of the appellee. It must be remembered that this is a proceeding supplementary which involves only the right of such appellee to levy on the property of the judgment defendant. The judgment plaintiff is entitled to successive executions against the property of the judgment defendant regardless of where situated or in whose possession until his judgment is fully paid and satisfied. *Beavens et al.* v. *Groff* (1937), 211 Ind. 85, 5 N. E. (2d) 514. The defendants, other than Valentine Pisarski, in the instant case were called upon to answer as to any interest they had in the property of the judgment defendant referred to in appellee Glowiszyn's complaint. The finding and judgment of the court was that the defendant Stella Pisarski had in her possession a sum of money sufficient to pay said judgment, which money was subject to the control of the judgment defendant, and said last mentioned defendants were directed to pay to the clerk of the court a sum sufficient to pay said judgment, including costs. This was a final judgment in such an action as is here involved.

Appellants contend that the trial court erred in permitting the inspection and ordering the production in

court of certain papers, books and documents of the defendant Val's Restaurant, Incorporated.

The record does not disclose that the books, etc., ordered produced in court were introduced in evidence, nor does it appear that there was any objection to the introduction of any evidence. Under such circumstances, if the order of the trial court was erroneous (which we do not decide), appellants were not harmed. *Cleveland, Columbus, Cincinnati & Indianapolis R'y Co.* v. *Closser, et al.* (1890), 126 Ind. 348, 364, 26 N. E. 159.

We are of the opinion the trial court did not err in overruling the demurrers of the appellants. *Burkett et al.* v. *Bowen* (1889), 118 Ind. 379, 21 N. E. 38; *Lewis* v. *Hanneman* (1929), 88 Ind. App. 430, 164 N. E. 319.

The question presented by the fifth and sixth assignments of error is the overruling of each of the appellants' motions for a new trial. The specifications in each motion require a consideration of the evidence. The evidence in this case takes up more than 1,500 pages in the record. The appellants attempted to condense this into thirty-four pages in their brief. Appellee contends appellants have failed to comply with that provision of Rule 2-17 (e) of this court which provides: "If the insufficiency of the evidence to sustain the verdict or finding of fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely." There were more than 250 exhibits covering nearly 750 pages of the record introduced in evidence. Only one of these exhibits is set out in appellants' brief. We do not believe this is a good-faith compliance with the above referred-to rule of this court. *Gray et al.* v. *James et al.* (1935), 100 Ind. App. 257, 194 N. E. 203; *Baxter et al.* v. *Meyers,*

*Rec.* (1938), 105 Ind. App. 596, 15 N. E. (2d) 113. However, we have examined the record in this case and are convinced that substantial justice has prevailed. Therefore, the judgment of the Porter Superior Court is affirmed.

Blessing, C. J., not participating.

Draper, J., not participating.

NOTE.—Reported in 47 N. E. (2d) 831.