HEINRICH *v*. ELLIS.

[No. 16,912. Filed April 30, 1943. Rehearing denied May 22, 1943. Transfer denied June 16, 1943.]

*Oscar B. Thiel,* of Gary, for appellant.

*Harry Long* and *John M. Ruberto,* both of Gary, and *Mark L. Thompson,* of Lafayette, for appellee.

FLANAGAN, P. J.—This is an action for alleged wrongful death brought by appellee, Edna Ellis, as administratrix of the estate of Frank Ellis, deceased. The deceased was a passenger in a car driven by one William Hill which collided with an automobile driven by appellant, Stephen Heinrich. The accident occurred on U. S. Highway No. 6 in the City of Gary, Indiana, on June 22, 1940. Frank Ellis died on July 9, 1940, as a result of injuries received in the collision. Trial resulted in verdict and judgment against appellant in the sum of $7,500.00.

Errors relied upon for reversal are, (1) overruling appellant's motion to strike parts of the complaint; and (2) overruling appellant's motion for a new trial.

The overruling of a motion to strike out part of a pleading is not reversible error. *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. (2d) 456; *Holloway* v. *Thompson* (1942), 112 Ind. App. 229, 42 N. E. (2d) 421. We need not therefore consider the first assignment of error.

The specifications of the motion for a new trial here presented are: (1) The verdict is not sustained by sufficient evidence and (2) is contrary to law; (3) the damages are excessive; (4) error in permitting certain questions to be asked the jury on their *voir dire* examination; and (5) error in the admission of certain evidence.

Appellant says the evidence is insufficient to support a finding of negligence. On that question there is evidence of the following facts:

Appellant was driving east on U. S. Highway No. 6 about twenty feet behind a large oil tank truck which was on the south side of the highway close to the center line. Appellant was too close to the truck to see an oncoming car without pulling across the center line into the line of oncoming traffic; and because of his closeness to the truck he could not pull out to see oncoming traffic and return to his own line of traffic in time to avoid a collision. He did pull out across the center line directly in front of the car in which appellee's decedent was riding and the collision resulted. We think this evidence is ample to support a finding of negligence on the part of appellant.

Appellant says the verdict is contrary to law because appellee sued in her individual capacity and not as administratrix and the law gives her no cause of action as an individual. We cannot agree with appellant's contention that appellee sued in her individual capacity. It is true that in the caption of her complaint she omits the word "as" after her name and before the word administratrix. But the capacity in which a party sues is ascertained from the entire complaint. *Toner* v. *Wagner* (1902), 158 Ind. 447, 63 N. E. 859; *Chicago, etc., R. Co.* v. *Cummings, Adm.* (1900), 24 Ind. App. 192, 53 N. E. 1026. The complaint here alleges her appointment as administratrix of the estate of Frank Ellis, deceased, and the fact that she is decedent's surviving dependent widow. These allegations sufficiently show that she is suing in her capacity as administratrix.

Appellant says the damages awarded are excessive. The evidence discloses that at the time of his death decedent was receiving compensation of $95 per month and had, during more prosperous times, earned $200 per month. His life expectancy was 18.28 years and had he continued earning only $95 per month his earnings during such expectancy would have amounted to $10,620. In view of this evidence we cannot say that the verdict indicates that the jury acted from prejudice, partiality or corruption, or abused its discretion in fixing the amount of damages to be awarded.

Appellant next complains of the rulings of the trial court in permitting each juror to answer the question, "Have you any interest in, or policy of insurance in, the United States Mutual Insurance Company of Chicago, Illinois?" The question was objected to on the sole ground that it was asked "for the purpose of creating prejudice in the mind of the prospective juror and for the purpose of letting the jury know that an insurance company was interested in the defense of said cause."

It has been held many times by this court and by our Supreme Court that questions similar to the one here propounded are proper in order to enable litigants to ascertain the true relationship of prospective jurors to interested indemnity companies; that such litigants may intelligently exercise their right of challenge and thus be assured of trial by an impartial jury. *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443; *King* v. *Ransburg* (1942), 111 Ind. App. 523, 39 N. E. (2d) 822.

The propriety of such investigation is limited by the good faith of the lawyer examining the prospective

jurors and the question whether such good faith exists is to be determined largely in the discretion of the trial court. *Martin* v. *Lilly, supra; King* v. *Ransburg, supra.*

The objections made to the question here propounded fail to point out to the trial court wherein the lawyer asking the question was lacking in good faith and such objections were therefore properly overruled.

A motion was made at the end of the *voir dire* examination that the panel be discharged because of the asking of the question above set out. The only ground given for this motion in addition to those given for the objection to the question, was that five of the prospective jurors did not own automobiles and therefore could not have had policies in the insurance company inquired about. These five jurors heard the question propounded to others who did own automobiles and if the result of asking the question was the giving of information to the jury that an insurance company was interested in the defense, they had that information whether the question was asked of them or they heard it asked of others. Even if the question should not have been asked of the jurors who did not own automobiles, appellant was not harmed by the asking.

Appellant next complains of the action of the trial court in overruling appellant's motion to strike out part of an answer given by William Clay Hill, a witness called in behalf of appellee. Counsel for appellee had propounded the question. The sole ground given by appellant for his motion was that the particular part of the answer sought to be struck was not responsive to the question asked. The ground

given was not available to appellant.   A party examining a witness has the right to insist that the answers of the witness shall be responsive to the questions, and may have irresponsive answers or parts of answers stricken out on motion; but no such right exists in his antagonist.   *Luce School Tp.* v. *School City of Rockport* (1927), 86 Ind. App. 641, 159 N. E. 164; *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335, 354, 77 N. E. 599.   Appellant insists that he should have the opportunity to object to a question proper to elicit the answer which was volunteered.   But that would not assist appellant in keeping the answer out of evidence. If there existed any objection which could have been urged to the question because of the incompetency of the answer sought to be elicited, then such objection could be urged in support of the motion to strike such answer when it was volunteered without a question. The law does not require the useless.   It will not require that competent evidence already in the record be stricken for the sole purpose of requiring a lawyer to go through the mechanics of asking a question which will bring such evidence back in the record.

Finally, appellant says the trial court erred in permitting decedent's widow to testify that decedent earned $100 every two weeks in 1928.   The objection was on the ground that the time was too remote. We cannot agree with this contention.   The evidence shows that the company for which decedent worked in 1928 closed down that year and had not reopened at the time of his death.   For some time prior to the accident here involved decedent had worked on W. P. A.   We know that during much of the time between 1928 and 1940 employment conditions were not normal.   It seems to us quite proper for the jury to

have information as to the earning capacity of the decedent during normal employment periods.

We find no reversible error in the record.

Judgment affirmed.

NOTE.—Reported in 48 N. E. (2d) 96.