## JOHNSON *v.* JOHNSON

[No. 17,531. Filed November 26, 1946.]

*O. E. Fuelber,* and *Allen C. Lomont,* both of Fort Wayne, for appellant.

*Townsend & Hilgemann,* of Fort Wayne, for appellee.

CRUMPACKER, J.—This is an action to set aside a deed for alleged fraud and want of consideration. Judgment went to the appellee who was the plaintiff below and this appeal, to quote the appellant's own language as expressed in his brief, "reduces the questions involved to the sufficiency of the evidence to sustain the decision of the trial court."

Rule 2-17 (e), 1943 Revision, provides that the appellant's brief shall contain "A concise statement of so much of the record as fully presents every error and exception relied upon, referring to the pages and lines of the transcript. . . . If the sufficiency of the evidence to sustain the verdict or finding of fact or law is assigned, the statement shall contain a condensed recital of

118

the evidence in narrative form so as to present the substance clearly and concisely."

In his attempt to comply with this rule the appellant has presented us with a 12 page summary of the facts of the case as he views them. Nowhere in this narration are the names of the witnesses mentioned nor is there a clear and concise statement as to what each witness testified and a line and page reference as to where such testimony may be found in the transcript. The exhibits are not set out nor are we informed as to where to find them and we know nothing of their contents except the interpretation the appellant places thereon. This running recital of the evidence abounds in conclusions of the narrator of which the following are but a few:

"In these conversations appellee tried to persuade;" "there was some discussion about appellee conveying the farm;" "the appellee claimed that the consideration for the conveyance was to be that appellant care for and furnish a living for the appellee during the rest of his life;" "the making of this promise was denied by appellant, the appellant claiming that the verbal agreement was fully expressed by the documents hereinafter described;" "Lomont was requested to effectuate the verbal understanding by drawing the necessary documents;" "the deed and lease were signed by the proper parties;" "appellant, Lomont and Vernor claim that the instruments were explained to the appellee;" "the appellee claims that he did not know the nature and purport of the lease he executed;" "which resulted in;" "there is a conflict in the evidence;" "the proceeds from these crops and sales were considerable."

This is sufficient, we think, to indicate that what the appellant offers as a condensed recital of the evidence is merely his interpretation of what the evidence discloses.

Under the authority of *Lindeman* v. *Lindeman* (1937), 103 Ind. App. 494, 496, 8 N. E. (2d) 1004, we hold it insufficient to present any question as to the sufficiency of the evidence to sustain the decision. As we are asked to decide nothing else, judgment below is affirmed.

NOTE.—Reported in 69 N. E. (2d) 606.