LIVELY, ADMINISTRATRIX *v.* HANAGAN BROTHERS, INCORPORATED

[No. 18,025. Filed May 9, 1950. Rehearing denied June 28, 1950.]

*Owen Voigt,* of Jeffersonville, for appellant.

*Jonas G. Howard* and *Ellis Deibel,* both of Jeffersonville, for appellee.

WILTROUT, J.—This is an action for wrongful death, brought by appellant against appellee. Trial resulted in a verdict of the jury for appellee, and judgment was rendered accordingly.

At the outset the appellee contends that by reason of deficiencies in briefing appellant presents no question for our consideration. While we do not approve the form of appellant's brief in its entirety, it is apparent that a good faith effort has been made to comply with the applicable rules. The court is able to understand the question presented, and in our opinion the brief of appellant is sufficient for a determination of this question.

All the evidence in this case is not before us. The special bill of exceptions certifies that there was some testimony that shortly after the accident the deceased, who died two days later, was drunk. Conflicting testimony was given by other witnesses that the deceased was not under the influence of intoxicating liquor.

The only error claimed by appellant is the giving of appellee's instruction No. 13 as modified by the court. As tendered, this instruction read:

"Some evidence has been introduced concerning the condition of plaintiff's decedent as to sobriety at the time of his alleged injury. The fact of his intoxication at the time of his alleged injury, if it is a fact, would not in itself prevent plaintiff's recovery, but that evidence is before you as bearing upon the question whether he exercised the care and caution required of him as a sober man and in full possession of his faculties. If you find that he was so under the influence of intoxicating liquor at the time as to render it dangerous, by reason thereof, for him to make use of the public highways of the City of Jeffersonville, and that he was injured by reason thereof, plaintiff cannot recover."

Appellant's objection to this instruction was as follows:

"The plaintiff objects to defendant's tendered instruction number thirteen for the reason that 'sober man' does not indicate a legal degree of care, that is to say the care exercised by an ordinary prudent person in like circumstances."

The remainder of the objection consists of an argument as to the holding of *Mishler* v. *Chicago, etc., R. Co.* (1919), 188 Ind. 189, 122 N. E. 657, from which case the above instruction was adapted.

Following this objection the court modified the instruction by deleting the words "sober man" and sub-

stituting the words, "man not under the influence of intoxicating liquor in any degree." No objection was made to the instruction as modified, nor is any question presented as to the procedure followed in making the modification.

In other words, after appellant, had objected to what appellant considered to be an erroneous statement in the instruction, the court deleted the words objected to and substituted others. So far as the record shows, the appellant may have been satisfied with the instruction as modified. At any rate, no objection was made to the new wording. Had appellant objected to the instruction as modified the court might have refused it entirely. "As the rule now stands, the attorneys must share with the court the burden of correctly instructing the jury." *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106.

Under Rule 1-7, "no error with respect to the giving of instructions shall be available as a cause for new trial or an appeal, except upon the specific objections made as above required." *McCague* v. *N. Y. C. & St. L. R. Co.* (1947), 225 Ind. 83, 71 N. E. 2d 569, 73 N. E. 2d 48.

The only objection urged to the instruction is one which is not applicable to the instruction as given. That instruction makes no reference to "sober man." We would not be understood as approving the instruction, but no specific objection was made to it as given, and no error is presented. *Cochran* v. *Wimmer* (1949), 118 Ind. App. 684, 694, 81 N. E. 2d 790.

Judgment affirmed.

NOTE.—Reported in 92 N. E. 2d 223.

## ON PETITION FOR REHEARING

WILTROUT, J.—Appellant in her petition for rehearing insists that we erred in holding that no objection was made to appellee's instruction No. 13 as modified. We find a statement in the special bill of exceptions that appellant stated and dictated her specific objection to appellee's tendered instruction No. 13 as tendered by the appellee, and as modified by the court in the form in which it was given. The objection set forth is that: "The plaintiff objects to defendant's tendered instruction number thirteen for the reason that 'sober man' does not indicate a legal degree of care, that is to say the care exercised by an ordinary prudent person in like circumstances."

Only one objection appears in the special bill of exceptions, and the wording of the objection states that it is to defendant's tendered instruction No. 13. The objection is to words used in the instruction as tendered, and which words were not in the instruction as modified and given.

As stated in our original opinion, "The only objection urged to the instruction is one which is not applicable to the instruction as given."

The petition for rehearing is denied.

NOTE.—Reported in 93 N. E. 2d 202.