BARRETT *v.* STONE ET AL.

[No. 18,321. Filed October 15, 1952. Rehearing denied November 19, 1952. Transfer denied December 17, 1952.]

*Mark P. Lockwood* and *Sanford K. Trippet,* both of Princeton, for appellant.

*McDonald & McDonald,* of Princeton, for appellees.

ROYSE, P. J.—Appellant brought this action to quiet his title to certain farm land in Gibson County. His complaint was the usual short form. Appellees filed an answer and cross-complaint seeking to have their title quieted to said property. The pleadings herein are voluminous and because of the conclusion we have reached, it is not necessary to set them out in detail. They disclose appellant based his title to said real estate on purchase at auction from a commissioner appointed in a partition suit which it was alleged was instituted

by the appellees Pritchett and Stone. He also claimed title under quit claim deeds from appellees Stone and Hurt. The appellees, by proper pleadings, asserted the judgment in the partition suit was obtained as the result of a fraudulent conspiracy on the part of appellant. Appellees, Stone and Hurt, asserted the purported quit claim deeds were obtained by fradulent misrepresentations of appellant. They asserted as soon as they learned the true facts they disaffirmed said deeds and in this action sought to have the judgment in the partition suit vacated and set aside because of fraud perpetrated on the trial court in that action.

Trial to a jury resulted in verdict quieting title of appellees in said property and awarding appellant $3,500. Judgment accordingly.

The errors assigned here are, the court erred in overruling the motion of appellant to strike out parts of the second paragraph of the cross-complaint, and the overruling of his motion for a new trial.

In the statement of the record in his brief, appellant does not set out his motion to strike, as required by Rule 2-17(d) of the Supreme Court. In the argument portion of his brief appellant does refer to this motion in a summary manner. It is well settled that the overruling of a motion to strike parts of a pleading is not reversible error, even if erroneous. *Heinrick* v. *Ellis* (1943), 113 Ind. App. 478, 48 N. E. 2d 96; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456; *Holloway* v. *Thompson* (1942), 112 Ind. App. 229, 42 N. E. 2d 421. However, appellant here contends the rule is different if the matter sought to be eliminated is scandalous. His motion to strike did not assert the matter was scandalous, but averred it was not germane to the subject-matter of the action, etc. We hold there was no reversible error in over-

ruling the motion to strike out parts of the cross-complaint.

The specifications in the motion for a new trial are: The verdict is not sustained by sufficient evidence and is contrary to law; error in giving to the jury appellees' instruction No. 4; error in refusing to give twelve instructions tendered by appellant; error in the admission of certain evidence.

Appellees contend no question is presented by the first specification because in appellant's brief under condensed recital of the evidence the recitation consists almost entirely of conclusions concerning the evidence; only evidence most favorable to appellant is considered; the names of two witnesses and the substance of their testimony, also the substance of thirteen exhibits are entirely omitted; evidence from nineteen written exhibits were inadequately summarized.

In the record herein there are more than 600 pages of evidence. Appellant has attempted to set this out in 29 pages of his typewritten brief. Much of it is his conclusions as to the evidence. After these omissions had been called to appellant's attention by appellees' motion to dismiss he made no effort to obtain permission to amend his brief by correcting such deficiencies. In the oral argument of this cause counsel for appellant admitted they had not set out in their brief various items of important and pertinent evidence. Therefore we hold no question is presented on any matter which requires a consideration of the evidence. *Johnson* v. *Johnson* (1946), 117 Ind. App. 117, 69 N. E. 2d 606; *Pisarski* v. *Glowiszyn, Admr.* (1943), 113 Ind. App. 358, 366, 47 N. E. 2d 831 (transfer denied); *Lindeman* v. *Lindeman* (1937), 103 Ind. App. 494, 8 N. E. 2d

1004. An appellee is not required to assume the burden of appellant to properly present the evidence. *Evansville City Coach Lines, Inc.* v. *Roger* (1951), 122 Ind. App. 119, 102 N. E. 2d 504, 505 (transfer denied).

Appellant asserts the verdict is contrary to law because the second paragraph of cross-complaint was a collateral attack on the judgment of partition, and in partial support of this contention relies on certain evidence. As heretofore indicated, we cannot consider the evidence for any purpose.

This paragraph of cross-complaint averred the judgment in that case was procured by a fraud perpetrated on the court, in this, that appellees Pritchett and Stone were named as plaintiffs in said action; that they never authorized the filing of that action; they did not employ or in any manner authorize the attorneys who filed that action to do so; that the appellee Hurt was at the time a minor; the wife of appellant was her guardian and appeared for her, although no summons was ever served on said appellee. It further averred appellees had no knowledge of that judgment for many years after its rendition. In our opinion, this paragraph of appellees' cross-complaint was a direct attack on the judgment in the partition case. *Cotterell, Administrator* v. *Koon et al.* (1898), 151 Ind. 182, 185, 51 N. E. 235; *Gilkison et al.* v. *Darlington et al.* (1952), 123 Ind. App. 28, 106 N. E. 2d 473. Therefore, the verdict was not contrary to law.

The third specification asserts error in giving appellees' Instruction No. 4. His objection to this was that the instruction was not applicable to any issue in the case and would serve only to confuse the jury. This objection is not sufficiently specific and does not comply with Rule 1-7 of the Supreme

Court. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106; *McCague* v. *New York, Chicago & St. Louis Railroad Company* (1947), 225 Ind. 83, 87, 71 N. E. 2d 567, 73 N. E. 2d 48; *Lively, Administratrix* v. *Hanagan Brothers, Inc.* (1950), 120 Ind. App. 503, 92 N. E. 2d 223.

Appellant next complains of the refusal of the court to give twelve of his tendered instructions. It is well settled in this state that when the evidence is not before us we will indulge the presumption that instructions refused were not applicable to the evidence. *John Hancock Mutual Life Ins. Co.* v. *Keith* (1938), 105 Ind. App. 465, 15 N. E. 2d 738; *Hopkins et al.* v. *Dreyer* (1924), 81 Ind. App. 433, 142 N. E. 17 (transfer denied); *Baltimore & Ohio R. R. Co.* v. *Ranier, etc.* (1926), 84 Ind. App. 542, 149 N. E. 361 (transfer denied); *Ferguson* v. *Bilsland* (1925), 196 Ind. 291, 146 N. E. 326; *Ferris* v. *State* (1900), 156 Ind. 224, 230, 59 N. E. 475. No question is presented as to the refusal of the trial court to give said instructions.

For the reasons hereinbefore stated, no question is presented as to the alleged error in refusing to give appellant's peremptory instruction for a verdict in his favor at the conclusion of all the evidence.

By specifications 6 to 22 of his motion for a new trial, appellant asserts the trial court erred in overruling his objection to a number of exhibits and certain evidence. Appellant, in the argument portion of his brief, has cited no authority to sustain his contention that the trial court erred in the admission of such evidence. Therefore, under Rule 2-17 (e) and (f), such errors, if any, are waived. *Stanley* v. *Gieseking et al.* (1952), 230 Ind. 690, 105 N. E. 2d

171, 173. Furthermore, on the record before us we cannot say the court erred in the admission of this evidence.

Judgment affirmed.

Martin, J., dissents, with opinion.

Bowen, J., not participating.

## DISSENTING OPINION

MARTIN, J.—I do. not agree with the conclusion of the majority opinion in this case.

It has always been my understanding of the law that an Appellate tribunal should look to the record, if need be, to see if justice has been done in the case up for review. It is very obvious from the record in this case that justice was not done to the parties in the lower court and, in my opinion, there is reversible error in the record.

In the case of *L. S. Ayres & Company* v. *Hicks* (1942), 220 Ind. 86, at 99, 40 N. E. 2d 334, the court said:

> "The practice rule to the effect that alleged errors, not specifically pointed out in the appellant's brief, will be treated as waived was not intended to circumscribe the reviewing tribunal. The purpose of the rule is to relieve the court of the burden of searching the record and briefing the case and to place that responsibility on the party asserting error. It will not be carried so far as to require the court to close its eyes to that which is apparent. To do so would not infrequently place us in the unhappy situation of lending tacit approval to an instruction palpably bad on its face, and this could only result in confusing the law and misleading the profession."

In the case of *White* v. *White* (1935), 208 Ind. 314, at 317, 194 N. E. 355, 196 N. E. 95, we find the following language:

"The rule forbidding the discussion of points not originally suggested by appellant is made for the protection of the court and only operates to excuse the court from considering questions that are not shown to have any material bearing upon the rights of the parties. Notwithstanding the failure of counsel to present the question, the court may consider and decide a question presented by the record, and may go outside the briefs of counsel for reasons upon which to base the decision in order to do justice to the parties."

In the case of *Fairbanks* v. *Warrum* (1913), 56 Ind. App. 337, 104 N. E. 983, 104 N. E. 1141, the court said:

"By repeated decisions it has been established as the policy of the Supreme Court and also of this court that the record will not be searched for purposes of reversal. Here, however, said paragraph of complaint is properly copied into appellants' brief, and is before us. An examination of said paragraph is necessary to a comprehension of the case. Having examined it we are not required to ignore its infirmities, although a knowledge thereof so acquired might drive us to a reversal.

". . . the Supreme Court under circumstances similar to those presented here, said, in *Big Creek Stone Co.* v. *Seward* (1896), 144 Ind. 205, 210, 42 N. E. 464, 43 N. E. 5: 'If the court were limited to the arguments and reasoning of counsel in its decision of cases, to the exclusion of its own observations, many cases would lead us far from what we understand to be the true object of the court.' "

In the case of *Martin, Sr.* v. *Martin et ux.* (1881), 74 Ind. 207, at 210, the court said:

"If there are points in a record which counsel do not suggest, and we do not perceive them, there are numerous decisions that we will not consider such points on a petition for a rehearing, but there is no rule which permits us to ignore what we do see. We read the briefs of counsel, but, as the

appeal is tried by the record, we examine that too."

I believe that a good faith effort has been made in the briefing of this case and it should be decided upon the record and the merits of the case, instead of being decided upon mere technicalities, for I strongly feel that justice has not been done to the parties.

NOTE.—Reported in 108 N. E. 2d 201.